## **SCHEDULE A**

1. The person(s) most knowledgeable regarding the identity, by full name and company title, all of those persons who participated in making the decision on behalf of STATE FARM FIRE AND CASUALTY COMPANY ("STATE FARM") to withhold, deny or authorize payments of Plaintiff's claim(s).

2. The person(s) most knowledgeable at STATE FARM who participated in making any decision on behalf of STATE FARM to withhold, deny or authorize payments of Plaintiff's claim(s).

3. The person(s) most knowledgeable at STATE FARM regarding any and all Answers and Affirmative Defenses raised by STATE FARM in this cause of action.

4. The person(s) most knowledgeable at STATE FARM regarding the identity of the person(s) involved with, and explain what events occurred, to cause Plaintiff's damages to be constituted as events excluded from the coverage provided by the policy of insurance which is the subject of this cause of action; or how any actions or omissions on behalf of the Plaintiffs' voided, excluded or may void or exclude coverage.

5. The person(s) most knowledgeable at STATE FARM that can identify by full name and company title all of those persons who participated in making any and all decisions on behalf of STATE FARM with regards to this case.

6. The person(s) most knowledgeable at STATE FARM regarding the identify of the person(s) who participated in making any decision on behalf of STATE FARM to withhold, deny and/or authorize providing coverage and/or payments which are the subject of this cause of action.

7. The person(s) most knowledgeable at STATE FARM that can identify and explain the meaning intended by the terms, limitations, exclusions and/or conditions within the STATE FARM insurance policies issued to the Plaintiff which STATE FARM contends it has complied with in adjusting the Plaintiff's claims of loss which are the subject of this cause of action.

8. The person(s) most knowledgeable at STATE FARM that can identify and explain the meaning intended by the terms, limitations, exclusions and/or conditions within the STATE FARM insurance policies issued to the Plaintiff that STATE FARM contends Plaintiffs failed and/or refused to comply with in STATE FARM'S adjusting of the Plaintiffs' claims of loss.

9. The person(s) most knowledgeable at STATE FARM who can identify the person(s) who participated in retaining any of the experts/representatives, including but not limited to, engineers, to complete report(s), estimates or evaluation(s) on the Plaintiffs' damages, and most knowledgeable about all of his/her/their results, findings, work, tests, surveys, and evaluations.

10. The person(s) most knowledgeable at STATE FARM regarding the identity of the person(s) who participated in preparing STATE FARM'S responses and/or answers to Plaintiffs' discovery requests.

11. The person(s) most knowledgeable at STATE FARM that authorized STATE FARM'S Responses, Objections and/or Answers to Plaintiffs' discovery requests and that can testify as any basis, factual or otherwise, for that Answer, Objection and/or Response.

12. The person(s) most knowledgeable at STATE FARM who can explain comprehensively and in detail as to whether STATE FARM'S claims investigation into this insurance claim complied with the generally accepted standards for the investigation, evaluation, determination and remediation of water damage and wind damage with regard to Plaintiff's insurance claim.

13. The person(s) most knowledgeable at STATE FARM regarding STATE FARM'S responses to Plaintiff's post suit requests for information and/or documentation from STATE FARM.

14. The person(s) most knowledgeable at STATE FARM regarding all correspondence, notices, reports or other communications between Defendant or its representatives and Plaintiff and his representatives regarding water damage and wind damage to Plaintiff's property.

15. The person(s) most knowledgeable at STATE FARM regarding Defendant's complete paper and electronic claim file, cover to cover, from the home office, regional and local (including "field" file) regarding the claim that is the subject of this matter (excluding attorney-client privileged and/or work product protected documents), including but not limited to:

    a. All letters, memoranda and other forms of written or computerized communication to or from any employee of Defendant, STATE FARM, relating in any way to the processing of the claim at issue in this action;

    b. All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of Defendant, STATE FARM, relating in any way to the processing of the claim at issue in this action;

    c.    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant, STATE FARM, and Plaintiff relating in any way to the claim at issue in this action;

    d.    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant, STATE FARM, and any third party relating in any way to the claim at issue in this action;

    e.    All written or computerized records of any investigation conducted in connection with the claim at issue in this action;

    f.    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from any employee of Defendant, STATE FARM, relating in any way to the decision to deny Plaintiff's claim;

    g.    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between Plaintiff and any employee of Defendant, STATE FARM, relating in any way to the decision to deny Plaintiff's claim;

    h.    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant, STATE FARM, and any third party relating in any way to the decision to deny Plaintiff's claim;

    i.    All other written or computerized documents pertaining to the claim at issue in this litigation;

    j.    The file folders in which the preceding documents are kept;

    k.    Reports and correspondence;

    l.    Tapes – video and audio;

    m.    Photographs – original negatives.

16.    The person(s) most knowledgeable at STATE FARM regarding Defendant's complete underwriting files referring or relating in any way to the insurance polices at issue in this action including, without limitation:

    a.    All letters, memoranda and other forms of written or computerized communication and written or computerized records of oral communications,

       whether in person or by telephone, referring or relating in any way to the issuance of the policy at issue in this action;

    b.    The file folders in which the preceding documents are kept.

17. The person(s) most knowledgeable at STATE FARM regarding all first property claims manuals – printed or electronic, bulletins, memoranda, directives, letters, and other forms of written or computerized communication directed to claims personnel, claims managers, claims supervisors, or any other person acting on behalf of Defendant, STATE FARM, in the handling of first party real property and/or vandalism and water damage and wind damage claims in the State of Mississippi from the years of **2005 through 2009**, that refer or relate in anyway to the handling of water damage and wind damage to claims, including but not limited to:

    a.    The documents reflecting STATE FARM'S claim settlement policies as they existed at the time Plaintiff submitted his insurance claims;
    b.    The documents reflecting any subsequent changes of policy;
    c.    Hurricane, Windstorm, Wind and/or Water related loss handling procedures;
    d.    Supervisor's and manager's manuals in first party real property and/or water damage and wind damage cases in the state of MISSISSIPPI;
    e.    "Historical" copies and procedures to retain them.

18. The person(s) most knowledgeable at STATE FARM regarding claims files relating to every Hurricane, Windstorm, Wind and/or Water related and wind damage insurance claim in the State of MISSISSIPPI to STATE FARM from 2005 though 2009, and the cost to obtain this information in written form.

19. The person(s) most knowledgeable at STATE FARM regarding all information and documentation on STATE FARM'S claims' handling personnel, adjusters and supervisors involved with Plaintiff's claims, including but limited to the following information:

    a.    Job descriptions;
    b.    Original application for employment;
    c.    Annual performance evaluations;
    d.    History of salary and promotions/demotions;
    e.    Educational records (including company courses), including Curriculum (taped or written) used for these courses;
    f.    Letters of commendation or complaint;
    e.    Memberships in professional organizations, codes of ethics.

20. The person(s) most knowledgeable at STATE FARM regarding STATE FARM'S personnel or "H.R." (Human Resources) manuals for STATE FARM'S first party property and/or Hurricane, Windstorm, Wind and water damage and wind damage to claims' handling personnel, adjusters and supervisors for the State of Mississippi from **2005 through 2007**, including, but not limited to:

    a. Job descriptions;
    b. Salary grade classifications;
    c. Criteria for promotion/demotion;
    d. Performance evaluations and activity review;
    e. Performance-based compensation plans;
    f. Incentive programs and retirement funds;
    g. Profit-sharing and stock ownership.

21. The person(s) most knowledgeable at STATE FARM regarding Defendant's loss reserve history with regard to Plaintiffs' claims including, but not limited to:

    a. Original reserves and all changes;
    b. Methods and criteria for setting reserves.

22. The person(s) most knowledgeable at STATE FARM regarding STATE FARM'S videotaped, recorded, or written training manuals for first party property, Hurricane, Windstorm, Wind and/or water damage and wind damage claims' handling of STATE FARM'S personnel, adjusters and supervisors in the State of MISSISSIPPI **from 2005 through 2009**, including, but not limited to:

    a. Real Property loss adjusting;
    b. Disputed claims;
    c. Coverage interpretation.

23. The person(s) most knowledgeable at STATE FARM regarding STATE FARM'S employee handbooks for Defendant's first party property, Hurricane, Windstorm, Wind and/or water damage and wind damage claims' handling personnel, adjusters and supervisors in the State of MISSISSIPPI **from 2005 through 2009**, including, but not limited to:

    a. Orientation manual or booklet;
    b. Benefits;
    c. Profit-sharing, stock ownership and incentive plans;
    d. Company philosophies and policies in handling first party property and/or hurricane claims.

24. The person(s) most knowledgeable at STATE FARM regarding Defendant's publications, including but not limited to, newsletters, paper and electronic, that addresses and/or has information regarding Defendant's first party property, Hurricane, Windstorm, Wind and/or water damage and wind damage claims' handling procedures in the State of MISSISSIPPI **from 2005 through 2009**, including, but not limited to:

    a. Company-wide;
    b. Regional and local;
    c. Video-conferences and video magazines;
    d. Claims.

25. The person(s) most knowledgeable at STATE FARM regarding Defendant's quality control audits or surveys of Defendant's first party property, Hurricane, Windstorm, Wind and/or water damage and wind damage claims handling procedures in the State of Mississippi **from 2005 through 2009**, including, but not limited to:

    a. Home office or regional audits;
    b. Manuals or guidelines for conducting these audits.

26. The person(s) most knowledgeable at STATE FARM regarding Defendant's tracking of public complaints regarding Defendant's first party property, Hurricane, Windstorm, Wind and/or water damage and wind damage claims in the State of Mississippi **from 2005 through 2009,** including but not limited to, claim denials; and the cost to obtain this information in written form.

27. The person(s) most knowledgeable at STATE FARM regarding Defendant's forms, publications and manuals for Defendant's first party property claims staff in the State of MISSISSIPPI **from 2005 through 2009,** including, but not limited to:

    a. Index, catalog or inventory of available materials;
    b. Bulletins, memoranda, etc. not part of the "official" manuals used to convey instructions from management to claim handlers.

28. The person(s) most knowledgeable at STATE FARM regarding Defendant's guides for letter writing or correspondence for the first party property claims staff in the State of MISSISSIPPI **from 2005 through 2009**, including, but not limited to:

    a. Index of form letters;
    b. E-mail program and manuals.

29. The person(s) most knowledgeable at STATE FARM regarding information on the organization of Defendant's first party property claims handing section/unit/area in the State of Mississippi and officers, supervisors or mangers responsible for the first party property claims staff in the State of Mississippi from **2005 through 2009**, including, but not limited to:

    a. Diagram or chart of the claim department "chain of command";
    b. Company structure by line and levels of authority;
    c. Manuals or bulletins on management reports and operations displays.

30. The person(s) most knowledgeable at STATE FARM regarding Defendant's "Claim Committee" (or any other name of a group of two or more STATE FARM employees who may meet to discuss first party property, Hurricane, Windstorm, Wind and/or water damage claims in the State of Mississippi from 2005 through 2009) program or procedure, committee minutes, or written notes prepared or taken in connection with any meetings held on this claim, including, but not limited to:

    a. Names of the members;
    b. Reports issued by the committee and/or group on this case;
    c. Documentation of "committee" and/or group deliberations.

31. The person(s) most knowledgeable at STATE FARM regarding Defendant's philosophies on handling of first party property, Hurricane, Windstorm, Wind and/or water damage and wind damage to claims in the State of Mississippi from **2005 through 2009**, including, but not limited to:

    a. Hurricane, Windstorm, Wind and water damage and wind damage claims handling policies;
    b. Providing service to policyholders;
    c. Good/bad faith claim handling of first party property, Hurricane, Windstorm, Wind and/or water damage and wind damage claims;
    d. Extra-contractual damages and suits involving first party property, Hurricane, Windstorm, Wind and/or water damage and wind damage claims;
    e. Compliance with unfair claim practices statutes;
    f. Wrongful claims handling.

32. The person(s) most knowledgeable at STATE FARM regarding all documents regarding Defendant's property claims handling personnel (who in anyway worked on these insurance claims) receiving raises, bonuses, or promotions, or being terminated, depending upon his or her performance, from **2005-2009**.

33. The person(s) most knowledgeable at STATE FARM regarding how Defendant

evaluates its employees, and performance and salary reviews, for **2005-2009** for first party property claims personnel in the State of Mississippi.

34. The person(s) most knowledgeable at STATE FARM regarding other litigation regarding unfair claims practices or bad faith in the same or in other jurisdictions both trial and appellate courts for 2005-2009 for property claims in the State of Mississippi, and the cost to obtain this information in written form.

35. The person(s) most knowledgeable at STATE FARM regarding all judgments awarded against Defendant in other litigation regarding unfair claims practices or bad faith cases in the same or in other jurisdictions both at trial court and appellate levels including the dollar amounts of such judgments, for **2005-2009** for property claims.

36. The person(s) most knowledgeable at STATE FARM regarding the compensation of Defendant's officers and employees, including but not limited to bonus or merit programs or programs by any other name(s) or title(s) from **2005-2009**.

37. The person(s) most knowledgeable at STATE FARM regarding Defendant's reinsurance coverage for extra-contractual liability from **2005-2009**.

38. The person(s) most knowledgeable at STATE FARM regarding any awards of punitive damages against Defendant within the last five (5) years, including the jurisdiction in which the punitive damages were awarded and the style of the case.

39. The person(s) most knowledgeable at STATE FARM regarding any Triennial Examination Reports or Market Conduct Reports every three years by the Mississippi Department of Insurance or by the State Department of Insurance where Defendant's home office is located, to evaluate Defendant claims handling practices from 2004-2009.

40. The person(s) most knowledgeable at STATE FARM regarding all documents regarding special examination reports, *e.g.,* Market Conduct Reports, compiled by the Mississippi Department of Insurance related to the Defendant for 2004-2009.

41. The person(s) most knowledgeable at STATE FARM regarding any minimum state standards for processing claims based on state and NAIC model law for the state of Mississippi from **2005-2009**.

42. The person(s) most knowledgeable at STATE FARM'S regarding Defendant's Underwriting department's standards and/or guidelines, procedures or system with regard to its Underwriting department's ability to access an insured's individual first party property claim file, how the first party property claims file can be accessed and the cost to obtain this information, and the present location of the documents that concern, refer, or relate to the present request.

43. The person(s) most knowledgeable at STATE FARM who can produce, identify and explain all standards and/or guidelines, written or otherwise, adopted and implemented by Defendant for the proper investigation into individual first party property claims in the State of Mississippi from **2005 through 2009**, and the present location of the documents that concern, refer, or relate to the present request.

44. The person(s) most knowledgeable at STATE FARM who can identify by full name and company title all persons employed by Defendant who participated in the decision to adopt and implement those standards as outlined in No. 43 above, and the present location of the documents that concern, refer, or relate to the present Request.

45. The person(s) most knowledgeable at STATE FARM regarding any reinsurance and/or co-agreements between Defendant and any other entity or individual including but not limited to, Reinsurance Agreement(s), Acquisition Agreement(s), Administrative Services Agreement(s), Side Agreement(s), and/or any other Agreements related to any reinsurance/coinsurance Agreement(s) between Defendant and any other entity or individual, and the present location of the documents that concern, refer, or relate to the present Request.

46. The person(s) most knowledgeable at STATE FARM regarding Defendant's record retention and/or record destruction standards and/or guideline(s), procedure(s) or system(s) with regard to information and documents of Defendant, and the cost to obtain both this information and its record retention and/or record destruction standards and/or guideline(s), procedure(s) or system(s).

47. The person(s) most knowledgeable at STATE FARM regarding any final reports, tracking, memorandums, synopsis, or analysis of bad faith litigation suits filed against Defendant, in the State of Mississippi, regarding first party property insurance policies, from **2005-2009**; and the present location of the documents that concern, refer, or relate to the present request.

48. The person(s) most knowledgeable at STATE FARM regarding any final reports, tracking, memorandums, synopsis, or analysis of any and all judgments awarded against Defendant, in the State of Mississippi, regarding individual first party property policies, from **2005-2009**.

49. The person(s) most knowledgeable at STATE FARM regarding any final reports, tracking, memorandums, synopsis, or analysis of any and all awards of punitive damages and/or extra-contractual damages against Defendant, in the State of Mississippi, from **2005-2009.**

50. The person(s) most knowledgeable at STATE FARM regarding all documents regarding the deponent(s), either directly or indirectly, and/or deponent(s) department's, creation and implementation of information and/or documentation

        that is provided to Defendant's investors, stockholder(s), or otherwise and/or is used the creation of Defendant's annual reports to including the statement by management of its business philosophy, significant developments in the company's first party property operation during the previous year, and management's goals (long term or short term) the oncoming years regarding Defendant's individual first party property business from **2005-2009**.

51.    The person(s) most knowledgeable at STATE FARM regarding all documents, information, memos, schedules, lists, opinions, letters, and/or reports (in whatever form), whether completed or drafted by the deponent(s) (in whole or part) or whomever, with regard to Defendant's individual first party property business financial plan, including but not limited to, long term or short term goals or expectations, financial forecast for the future, and any anticipated financial trends expected from **2005-2009**, in the State of Mississippi.

52.    The person(s) most knowledgeable at STATE FARM regarding all documents, information, memos, schedules, lists, opinions, letters, and/or reports (in whatever form), whether completed or drafted by the deponent(s) (in whole or part) or whomever, with regard to Defendant's individual first party property market share in the insurance industry, for the State of Mississippi, from **2005-2009**.

53.    The person(s) most knowledgeable at STATE FARM regarding all documents, information, memos, schedules, lists, opinions, letters, and/or reports (in whatever form), whether completed or drafted by the deponent(s) (in whole or part) or whomever, with regard to the profitability or non profitability of Defendant's individual first party property business in the state of Mississippi, from **2005-2009**.

54.    The person(s) most knowledgeable at STATE FARM regarding any documents and/or records that explain and identify the current relationships between Defendant and Pilot Catastrophe Services; Renfroe Risk Management Services; Dreux A. Seghers, P.E.; Structures Group Inc.; Wiss, Janney, Elstener Associates, Inc.; Forrest Masters, Phd.; and Surfbreak Engineering Sciences, Inc.

55.    The person(s) most knowledgeable at STATE FARM who can explain and identify the current relationship between Defendant and Pilot Catastrophe Services; Renfroe Risk Management Services; Dreux A. Seghers, P.E.; Structures Group Inc.; Wiss, Janney, Elstener Associates, Inc.; Forrest Masters, Phd.; and Surfbreak Engineering Sciences, Inc.

56.    The person(s) most knowledgeable at STATE FARM regarding all materials assembled and results used in preparing the individual first party property Strategic Planning Goals, or other such program and/or name used for goal planning strategies, from **2005-2009**.

57.    The person(s) most knowledgeable at STATE FARM regarding all documents from insurance consultants to and from first party property Claims personnel and/or

      Claims Department relative to individual first party property Strategic Planning, or other such program and/or name used for goal planning strategies, from **2005-2009**.

58. The person(s) most knowledgeable at STATE FARM regarding all materials assembled and results used in preparing the individual first party property Strategic Planning Goals, or other such program and/or name used for goal planning strategies, from **2005-2009**, in Mississippi.

59. The person(s) most knowledgeable at STATE FARM regarding all documents from insurance consultants to and from first party property Claims personnel and/or Claims Department relative to individual first party property Strategic Planning, or other such program and/or name used for goal planning strategies, from **2005-2009**, in Mississippi.

60. The person(s) most knowledgeable at STATE FARM regarding all documents regarding the strategic planning and setting of individual first party property financial targets for Defendant, including but not limited to, the setting of goals on the return on equity premium, pricing, average rates, etc., from **2005-2009**.

61. The person(s) most knowledgeable at STATE FARM regarding all individual first party property strategic planning meeting notes or minutes, recorded or otherwise, between deponent(s) and/or the Strategic Planning Department and other officers or executives of Defendant, including but not limited to, the Chief Financial Officer, and CEO, from **2005-2009**.

62. The person(s) most knowledgeable at STATE FARM regarding the licensing requirements of the State of Mississippi and whether Defendant's claims representatives were properly licensed at the time of their assignment on Plaintiff's claims.

63. The person(s) most knowledgeable at STATE FARM regarding all documents that concern, refer, or relate to the organization/chain of command of the Defendant's personnel charged with the handling of governmental affairs, from the years of **2005-2009**, including but not limited to:

    A. Diagram or chart of the claim department "chain of command";
    B. Company structure by line and levels of authority;
    C. Manuals or bulletins on management reports and operations displays.

64. The person(s) most knowledgeable at STATE FARM regarding all documents that concern, refer, or relate to the existence, content, and location of audits or investigations of Defendant performed by state insurance departments or state or federal attorney generals' offices for years of **2005-2009** in Mississippi.

65. The person(s) most knowledgeable at STATE FARM regarding all documents that concern, refer, or relate to the law, compliance and changes to the first party

property policy programs at Defendant from **<u>2005-2009</u>**.

## **SCHEDULE B**

1. All documents you reviewed in preparation for this deposition that you will rely on in providing your testimony.

2. All documents you reviewed in refreshing your recollection in preparation for your deposition testimony.

3. All <u>originals</u> of documents produced in Defendant's Pre-Disclosures and responses to Plaintiffs' Requests for Production, including all Supplemental responses.