IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RAYMOND LIZANA                                                                                          PLAINTIFFS

VS.                                                                         CAUSE NUMBER: 1:08CV501-LTS-MTP

STATE FARM FIRE AND CASUALTY COMPANY                                                      DEFENDANT

**STATE FARM FIRE & CASUALTY COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO QUASH THE SUBPOENA DUCES TECUM ISSUED TO MISSISSIPPI DEVELOPMENT AUTHORITY AND MOTION FOR PROTECTIVE ORDER**

COMES NOW, Defendant, State Farm Fire & Casualty Company (hereinafter "State Farm"), by and through its attorneys, and files this Response to Plaintiff's Motion to Quash the Subpoena Duces Tecum Issued to the Mississippi Development Authority (hereinafter "MDA") [82] and Motion For Protective Order [83].

### I. Introduction

State Farm issued a narrowly-tailored subpoena for records pertaining to the property at issue in this lawsuit. The subpoena sought only documents relating to the property, to include photographs, appraisals and estimates, supposedly in possession of the MDA. Upon information and belief, Plaintiff received a grant and/or loan from the MDA, necessitating the issuance of the subpoena *duces tecum* to the MDA to discover documents in possession of the MDA. Discovery of banking information regarding damaged property is routinely permitted in Katrina litigation. *Martinez v. State Farm Fire & Cas. Co.*, 2008 WL 2832166 (E.D. La. July 22, 2008); Agreed Order [51], *Kreeger v. State Farm Fire & Cas. Co.*, United States District Court, Southern District of Mississippi, Cause No. 1:07CV1134 (August 28, 2008). The Plaintiff's Motion to Quash is wholly without merit and should be denied. To the extent the plaintiff seeks protection of confidential information, State Farm would consent to the Court altering the subpoena *duces tecum* and directing

production to Plaintiff's counsel for redaction and/or a creation of a privilege log.[1]

## II. Discussion

### A. Plaintiff lacks standing to quash a subpoena directed to a non-party.

The Plaintiff lacks standing to object to a subpoena directed at a non-party. In *Durand v. Wal-Mart Associates, Inc.,* this Court reiterated the holding in the Fifth Circuit case of *Brown v. Braddick*, wherein it was held "that a non-party does not have standing to oppose a subpoena since the party is "not in possession of the materials subpoenaed and [has] not alleged any personal right or privilege with respect to the materials subpoenaed. (*quoting Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.1979)," *Durand v. Wal-Mart Associates, Inc*. 2009 WL 2181258, 1 (S.D.Miss.) (S.D.Miss.,2009)).

In the *Wal-Mart Associates* case, however, the Plaintiff asserted that privileged documents were being sought. This, the court held, was still not enough to grant standing to the Defendant, and thus the court treated their Motion to Quash as a Motion for Protective Order. *Id*. The case at hand deals with the same issue raised in *Wal-Mart Associates.* The Plaintiff lacks standing to object to subpoenas *duces tecum* issued to non-parties, and as such, their Motion to Quash should be denied.

The issue of the already filed Motion for Protective Order is briefed later in this Response.

### B. State Farm's subpoena is certainly calculated to lead to the discovery of documents relevant to this litigation.

As the Court is aware, the threshold for relevancy at the discovery stage is extremely low. "The United States Supreme Court has held that the rules of discovery ought to be afforded a broad

---

[1]Due to the straightforward nature of this response, State Farm respectfully requests relief from the obligation to file a Memorandum of Authorities.

and liberal treatment." *Harmon v. The City of Southaven, Mississippi*, 2008 WL 1821467 (N.D. Miss., April 22, 2008) (citing *Hickman v. Taylor*, 329 US 495, 507 (1947)). Rule 26(b)(1) states in part, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

The term "relevant" as used in Rule 26(b)(1) "has been construed broadly to encompass any matter that bears on or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Keys v. Safeway Ins. Co.*, 2008 WL 4544396 (S.D. Miss., October 8, 2008).

In light of the above standards, the Plaintiff's objections on the basis of relevancy are specious. As an initial matter, the Plaintiff's apparent contention that State Farm should not be entitled to information, specifically pertaining to the property at issue, which at this time *may* be only found from the source of issuance, does not bear scrutiny in light of the fact of Plaintiff's apparent concession that this information is indeed relevant since the Plaintiff contends that this information may be "obtained through other means." [83]. Without having knowledge of these "other means," however, State Farm has a right to obtain such information from the source most likely to be in possession of this information.

        **C.**     **The Plaintiff failed to comply with Rule 26(c) and Uniform Local Rule 37(a)**

The Plaintiff, prior to filing the Motion for Protective Order [83], has failed to include a Good Faith Certificate, which is mandated by both Rule 26(c) and Uniform Local Rule 37(a). Rule 26(c), in part, mandates that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute

without court action." Furthermore, Uniform Local Rule 37(a) states that:

> [p]rior to service of a discovery motion, all counsel shall be under a duty to confer in good faith to determine to what extent the issue in question can be resolved without court intervention. A Good Faith Certificate [Official Form No. 5] shall be filed with all discovery motions, with a copy to the magistrate judge. This certificate shall specify whether the motion is unopposed, and if opposed, by which party(s) and the method by which the matter has been submitted to the magistrate judge for resolution.

Plaintiff has failed to comply with mandatory Rule 26(c) and L.U.Civ. R. 37(a). This failure alone is enough to deny Plaintiffs' Motion for Protective Order. *See Williams v. Weems Community Mental Health Center* (not reported, 2006 WL 905955, 1 (S.D.Miss.,2006)).

### D. The Plaintiff's argument that the subpoena is overly broad is misplaced.

The Plaintiff makes a brief statement that the subpoena is "oppressive and burdensome, [and] overly broad.." The fallacy in this argument is the fact that the Plaintiff is not the one having to respond to this subpoena, but rather the MDA.

### III. CONCLUSION

Based upon the foregoing, State Farm respectfully requests that the Plaintiff's Motion to Quash and Motion for Protective Order be denied.

        RESPECTFULLY SUBMITTED,

        STATE FARM FIRE AND CASUALTY
        COMPANY

        HICKMAN, GOZA & SPRAGINS, PLLC
        Attorneys at Law
        Post Office Drawer 668
        Oxford, MS 38655-0668
        (662) 234-4000


BY:  */s/ H. Scot Spragins*
    H. SCOT SPRAGINS, MSB #7748

## CERTIFICATE OF SERVICE

I, **H. SCOT SPRAGINS**, one of the attorneys for the Defendant, **STATE FARM FIRE & CASUALTY COMPANY**, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, this the 28th day of December, 2009.

*/s/ H. Scot Spragins*
**H. SCOT SPRAGINS**

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000