IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RAYMOND LIZANA                                                                    PLAINTIFF

VS.                                                              CAUSE NO: 1:08CV501-LTS-MTP

STATE FARM FIRE AND CASUALTY COMPANY                              DEFENDANT

### RESPONSE OF THE DEFENDANT, STATE FARM FIRE AND CASUALTY COMPANY, TO PLAINTIFF'S MOTION [76] TO COMPEL CLAIMS HANDLING AND CLAIMS PRACTICES INFORMATION AND DATA

Comes now the defendant, State Farm Fire and Casualty Company, and responds to

Plaintiff's Motion [76] to Compel Claims Handling and Claims Practices Information and Data.

### Background

1.      Plaintiff filed the instant motion to compel on December 10, 2009.  It

encompasses State Farm Fire responses to three interrogatories and six requests for production.

It is eighteen pages long and is accompanied by a memorandum of law that is twenty-nine pages

long.

### The Scope of Discovery

2.      FED. R. CIV. P. 26(b)(1) was amended in 2000 to its current – and controlling –

form which limits the scope of discovery to the claims and defenses of the parties.  "The

Committee intends that the parties and the court focus on the actual claims and defenses involved

in the action. . . .  The rule change signals to the court that it has the authority to confine discovery

to the claims and defenses asserted in the pleadings, and signals to the parties that they have no

entitlement to discovery to develop new claims or defenses that are not already identified in the

pleadings."  FED. R. CIV. P. 26 advisory committee's note on 2000 Amendment.

3.      While the current formulation of 26(b)(1) allows the Court to expand the scope of discovery to the "subject matter" of a lawsuit upon a showing of good cause, in the instant case no such expansion of scope has been requested and no good cause for such an expansion has been shown.

4.      Through orders issued on numerous Hurricane Katrina cases, scope of discovery applicable to plaintiff's discovery requests has been further defined.  State Farm Fire asks the Court to adopt prior discovery rulings in other Hurricane Katrina case where, like here, the plaintiffs attempted to conduct broad and wide-ranging discovery on topics which exceeded the scope of their claims.  Specifically, State Farm would ask that the Court adopt the following Orders from *Marion v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:06cv969: (1) Order Granting in Part Plaintiffs' Motion to Compel [200]; (2) Order [228] 2008 WL 723976; and (3) Order Granting in Part Motion for Protective Order [231].  In addition, State Farm would ask the Court to adopt the following Order from *Perkins v. State Farm*, USDC, Southern District of Mississippi, Civil Action No.: 1:07cv116: (1) Order [117].

5.      The *Marion* and *Perkins* orders collectively stand for the proposition that inquiries into the drafting, history, intent and meaning of the terms, limitations, exclusions and conditions of the insurance contract, as well as those contained in State Farm's corporate policies and procedures, is irrelevant because "the ultimate question of contract interpretation resides with the Court" and "proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim." *Marion* [200] p. 8.  Inquiries into contract terms and corporate policies and procedures are only relevant as they relate "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case." *Marion* [231] p. 2.

6.      Furthermore, discovery should be limited to those contract terms and/or corporate policies and procedures which were actually relied upon or utilized by State Farm during its adjustment of plaintiff's claim.  *Marion* [231] p. 5.  Plaintiff should not be allowed to pursue unfettered discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Marion* [228]  Nor should State Farm be "obligated to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." *Marion* [200] p. 8.

7.      Throughout the motion and accompanying memorandum, plaintiff relies repeatedly on the pre-discovery core disclosure requirements found in Fed. R. Civ. P. 26(a).  Specifically, plaintiff relies on Fed. R. Civ. P. 26(a)(1)(A)(ii), which requires a party to provide to other parties "a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment. . . ."

8.      Rule 26(a)(1)(A)(ii) requires a party to identify documents, electronically stored information, or other tangible things that it "may use to support its claims or defenses. . . ."  The plaintiff throughout his motion and memorandum appear to forget the quoted part of the rule, and he appears to believe the rule requires another party to produce any document, electronically stored information, or other tangible item in its possession that might, in any way, however tangentially, possibly be related to the subject matter of the litigation.

3

9.      Such is simply not the language of the rule. State Farm Fire has produced

documents that it may rely upon to provide its defense.  The failure to produce such documents,

if any, would be made at State Farm Fire's risk, since avenues exist for plaintiff to exclude any

non-produced items from evidence.  Plaintiff cannot be allowed his repeated reliance on Rule

26(a) to attempt to place incredibly broad production duties upon State Farm Fire.

10.     State Farm Fire now turns to a request-by-request treatment of the interrogatories

and requests for production contested by plaintiff.

> **Interrogatory No. 11:**  Identify all individuals, including job title, function
> and addresses, either formerly employed or currently employed by
> Defendant, who were/are responsible for determining, promulgating, and
> overseeing company policies and standard procedures for the administration,
> evaluation, determination, and payment of property loss claims for Defendant
> in the State of Mississippi from 2000 to the present.

11.     Plaintiff writes, "Plaintiff is entitled to know the identity of those in charge of

company policies, procedures, evaluation, determination, and payment of property loss claims for

State Farm during the relevant time frame in Mississippi, as requested."  (Motion at 2).

12.     Neither Interrogatory 11 nor the portion of plaintiff's argument quoted above

makes any attempt to limit the request to the issues involved in *this* litigation.  Such is the scope

established by the language of FED. R. CIV. P. 26(b)(1).  If any doubt remained that such is the

scope, the *Perkins* and *Marion* orders, described above, resolve it.  The Court has consistently

applied the principles of the *Marion* and *Perkins* orders, most recently to the recollection of

counsel for State Farm Fire in an order [46] dated December 9, 2009, in the case styled

*Bethlehem Temple Apostolic Church v. State Farm Fire and Casualty Co.*, and having Civil

Action Number 1:08cv1522-HSO-RHW ("Consistent with the Court's prior rulings, the Court

will require State Farm to produce a corporate representative to testify as to corporate policies or

procedures *applicable to Plaintiff's claims*") (emphasis added).

  13. Plaintiff does offer minimal acknowledgment of a scope of discovery when he writes, "The identity of those responsible with regard to claims handling policies, procedures, evaluation, determination, and payment of property loss claims in Mississippi during the relevant time period is a request for the identity of fact witnesses, within a limited subject matter, scope, time, and geographic area which specifically relates to the handling of Plaintiff's claim." (Motion at 2). A reader is left to guess at how, exactly, such a broad-on-its-face request "specifically relates" to plaintiff's claim.

  14. Answering Interrogatory 11, as written, would require research and identification of dozens, and quite possibly hundreds, of individuals – including State Farm claims adjusters, independent claims adjusters, and State Farm management – the vast majority of whom would have had *nothing* to do with plaintiff's Katrina claim. Moreover, the discovery deadline looms.

  15. In any event, although pursuant to its objections State Farm Fire did not answer Interrogatory 11, it has in other parts of discovery produced many documents and other information that provide plaintiff with the identities of persons responsible as to his claim, including the following examples:

    a. In pre-discovery disclosures mandated by FED. R. CIV. P. 26(a)(1), State Farm Fire identified the following people who had a direct role in the adjustment of plaintiff's Hurricane Katrina claim: Suzanne Laliberte, Sharonna Miller, Jason Slauson, Mark Drain, Brenda Emmons, Shellie Leverett, Rachel Scholz, Bill Borgsteadt, Ken Albrecht, James Faulkner, Michael McGinnis, Tommie Taylor, William Hinson, and Michael Matthews. A copy of State Farm Fire's pre-

discovery core disclosures is attached as Exhibit A. Plaintiff has the opportunity

in the time remaining in the discovery period to take depositions of the above-

listed people. In those depositions, plaintiff may ask the witnesses directly what

role they played in applying State Farm Fire policies and standard procedures to

plaintiff's claim.

b.      Also as part of its pre-discovery disclosure, State Farm Fire provided plaintiff

with copies of the claim file for plaintiff's Katrina claim. (Ex. A, subpart

(B)(1)).[1] The claim file is complete except for minimal redactions described in a

privilege log provided pursuant to applicable rules. The claim files each contain

activity logs which, upon information and belief, contain the identities of each

person who made any coverage decision regarding plaintiff's claim.

c.      State Farm Fire has been willing to make the adjusters involved in the case

available for depositions. In fact, the deposition of Mr. Faulkner is scheduled to

take place at the office of plaintiff's counsel on January 14, 2009.[2]

16.      In short, State Farm Fire has disclosed the identities of persons who applied State

Farm Fire policies and procedures to the plaintiff's Katrina claim. Plaintiff does not suggest

otherwise. Plaintiff's request for the names of all persons who applied State Farm Fire policies

and procedures throughout the Hurricane Katrina adjustment period is, as State Farm Fire's

objections stated, overly broad, unduly burdensome and requests information that is outside of

---

[1]Given the length of the claim file, it is not being attached as an exhibit. Should the
Court wish to view it, it will be provided.

[2]Plaintiff has not noticed the deposition, but the parties have agreed on the date.

the scope of discovery.

17.    Accordingly, plaintiff's motion to compel should be denied as to Interrogatory 11.

> **Interrogatory 12:**  State with specificity every document containing statements of protocol, company guidelines, including, without limitation, administrative bulletins, intercompany memoranda, and other document(s) of any kind promulgated by Defendant and disseminated or distributed to its employees, relating to the standard, recommended, or expected procedures for the administration, evaluation, determination, and payment of property loss claims in the State of Mississippi from 2000 through the present, and state the name(s), address(es), and telephone number(s) of all persons who have personal knowledge of any of these facts, identify all documents that support or explain any of these facts, and provide the name, address and telephone number  of the custodian of such documents.

18.    Plaintiff writes that he "is entitled to know the identity, as requested above, of any document related to State Farm's policies, protocol and guidelines with regard to claims handling for State Farm during the relevant time frame in Mississippi, as requested."  (Motion at 3). State Farm Fire has identified above the authorities that establish the scope of discovery in Hurricane Katrina litigation, and will not repeat itself here.

19.    Once again, plaintiff's interrogatory encompasses all Mississippi Hurricane Katrina claims from any time and from any place.  The scope of such a request is staggering, yet plaintiff continues to maintain that he is entitled to all of it, even though numerous prior rulings of the Court and FED. R. CIV. P. 26(b)(1) say otherwise.

20.    Unmentioned by plaintiff in his motion is that in response to Interrogatory 12, State Farm Fire referenced the documents produced in response to plaintiff's Request for Production 11.  In response to Request for Production 11, and therefore to Interrogatory 12, State

Farm Fire produced and identified 9,122 pages of documents.[3]

21.     Plaintiff's response makes no mention of the thousands of pages of documents identified by State Farm Fire in response to Interrogatory 12, nor does it explain how such a production – containing documents with titles such as "Wind or Water?," "Condominium Losses," and "Special Loss Situations" – fails to be sufficient.

22.     Plaintiff argues that the unidentified, unproduced documents are necessary to determine whether State Farm Fire properly trained its adjusters.  Again, State Farm Fire is willing to make the adjusters, to the extent it is within State Farm Fire's power to do so, available for depositions.

23.     Accordingly, plaintiff's motion to compel as to Interrogatory 12 should be denied.

> **Interrogatory 15:**   State with specificity the name and date of implementation of every program, procedure, method, incentive plan, incentive goals, claims severity goals, bonus plan, 401K plan, profit sharing, merit increase, salary increase structure, employee review procedures (whether yearly, quarterly, monthly or otherwise), or all other manners in which Defendant's representative(s) and/or employee(s) may obtain income from his or her employment with Defendant with respect to property loss claims in the State of Mississippi from 2004 to the present, and identify persons who have personal knowledge of these matters by name(s), address(es), and telephone number(s), along with the name, address and telephone number of the custodian of such material.  (This Interrogatory seeks the name of every employee of Defendant who had or has anything to do with property loss claims, including without limitation, the adjuster(s), local claims representative(s), branch claims representative(s), regional or home office claims representative(s) regional or home office claims auditor(s) or claims examiner(s), all claims manager(s), claims supervisor(s), executive officers of the company, and all members of any review committees or claims committees.)

24.     The information requested in Interrogatory 15 would not be discoverable under

---

[3]Again, due to the volume of documents involved, they are not being attached as an exhibit.

FED. R. CIV. P. 26(b)(1) as to persons actually involved with State Farm Fire's adjustment of plaintiff's Katrina claim, much less as to *everyone* working Hurricane Katrina unto the penumbra of State Farm Fire and Casualty Company.

25.     Plaintiff argues the information is discoverable because it allows plaintiff to examine whether State Farm Fire "improperly incentivized" those working for it.

26.     Plaintiff should not be allowed to pursue unfettered discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues" *Marion v. State Farm*, No. 1:06cv969, 2008 WL 723976 (S. D. Miss. March 17, 2008).

27.     Once again, plaintiff would have the opportunity at the depositions of the adjusters themselves to ask them how they were compensated and to explore the possibility of improper incentives.

28.     Accordingly, plaintiff's motion to compel should be denied as to Interrogatory 15.

> **Request for Production 4:**  Copy of records of public complaints regarding Defendant's hurricane loss claim denials and claims handling in the State of Mississippi from 1995 to the present, including without limitation those complaints filed internally and with the Mississippi Department of Insurance.

29.     Plaintiff fails to show how all complaints made over the past fourteen years are relevant to the issues raised by them in this civil action.  Plaintiff's argument that Request 4 "seeks information regarding Mississippi claims handling during the relevant time period, which is within limited subject matter, scope, time, and geographic area which specifically relates to the handling of Plaintiff's claim" does not hold up to examination.  Again, the request encompasses fourteen years, the entire state of Mississippi, and any type of hurricane loss claim,

which types of course include flood, wind, homeowners, business, business interruption, church, and others.

30.    Plaintiff also fails to show how a complaint against State Farm Fire for the handling of another, unrelated hurricane claim, especially divorced from the results the investigation, if any, into the claim would be relevant to the claims and issues raised by the parties.  Request 4 is broad enough to include *any* complaint, no matter how specious, and no matter whether whatever investigating body found it to be groundless or not.

31.    Plaintiff makes the blanket statement that the documents are necessary for him to prepare his case, but he does not explain why they are necessary.  The issues in the instant case surround State Farm Fire's adjustment of plaintiff's Katrina loss, and it strains the bounds of reason to suggest unrelated claims from as many as ten years prior to plaintiff's would be necessary to his preparation.  The allegations of the complaint are that State Farm Fire wrongly adjusted the Katrina claim of New Light Baptist Church.

32.    Nor does plaintiff's invocation of his allegation that State Farm Fire acted in bad faith entitle him to such wide-ranging and broad discovery.  The question of whether punitive damages are owed in the instant case will turn on whether State Farm Fire had an arguable basis for making the claims decisions that is made in the plaintiff's case.  *See Broussard v. State Farm Fire and Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008).  Accordingly, Request 5 clearly goes beyond the scope of what is relevant to the claims and issues in the instant case.

> **Request for Production 11:**  Copy of all claims manuals of any date (printed, electronic, videotaped, recorded), bulletins, memoranda, directives, letters, and other forms of written or computerized communication directed to claims personnel, claims managers, claims supervisors, or any other person acting on behalf of Defendant that touch on, refer to, or relate to the handling and adjustment of property loss claims in the state of Mississippi from the

years of 2004 through the present.

33.    Plaintiff's argument in regard to Request 11 is, at several points, puzzling.

34.    First, plaintiff represents, "Defendant has not provided a copy, or a description by category and location, of responsive documents as required by the Federal Rules of Civil Procedure." (Motion at 9).  In the next sentence, plaintiff acknowledges production by State Farm Fire of many – over 7,000 – documents.  In fact, as noted above, the production totaled 9,122 pages.

35.    Plaintiff's position as to what the rules require, *i.e.*, that State Farm Fire provide "a copy, or a description by category and location, of responsive documents," is not that of the governing rule.[4]  FED. R. CIV. P. 34(a), which governs responses to requests for production of documents, provides as follows:

> (a) In General. A party may serve on any other party a request within the scope of Rule 26(b):
>
>> (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control:
>>
>>> (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or
>>>
>>> (B) any designated tangible things; or

_____

[4]The language quoted by plaintiff appears to be taken from FED. R. CIV. P. 26(a)(1)(B)(ii), which governs pre-discovery core disclosures.  It would only apply to documents State Farm Fire believes it may use to support its defense of the matter.

11

(2) to permit entry onto designated land or other property possessed
or controlled by the responding party, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the
property or any designated object or operation on it.

36.     In any event, for plaintiff to complain that State Farm Fire has not produced

copies of responsive documents, especially in light of the sentence in his own motion that

acknowledges State Farm Fire has done so, is absurd. State Farm Fire has answered Request 11

in compliance with not only the requirements of FED. R. CIV. P. 34, but plaintiff's own non-

binding standard.

37.     As argued throughout the instant response, plaintiff has propounded numerous

overly broad and unduly burdensome discovery requests in the above-styled case that seek

information that lies far outside the proper scope of discovery.  Therefore, when plaintiff does

get the documents he wants from State Farm Fire and complains that there are a lot of them, it

provides noticeable irony.  That plaintiff takes the step of filing a motion to compel documents

already produced is wasteful and harassing.

38.     Counsel for the plaintiff in the above-styled civil action have also handled

numerous other Katrina cases. State Farm Fire made the exact same document production to the

Merlin Law Group as early as October 2006 in the case styled *Lydia Schultz v. State Farm Fire*

*and Casualty Company*, having Civil Action Number 1:06cv339-LTS-RHW.  Accordingly,

counsel has had plenty of time, even in light of the number of documents, to more specifically

address both to counsel for State Farm Fire and the Court how the production falls short.

39.     Plaintiff's real complaint with State Farm Fire's production appears to be its

format. State Farm Fire produced the documents in electronic format on a CD-ROM disk.  As

plaintiff writes, the documents were produced in .pdf format.  Nowhere in Request 11 is another

format requested.

40.     Plaintiff did include confusing and vague instructions for answering his requests for production as a prelude to the requests themselves.  Nothing in FED. R. CIV. P. 34 provides for the inclusion of such general instructions, and State Farm Fire's responses to plaintiff's requests were governed by the FEDERAL RULES OF CIVIL PROCEDURE.  Indeed, FED. R. CIV. P. 34(b)(1)(C) indicates that a request regarding format of electronically stored information may be indicated in the request itself.  No other vehicle for requesting a specific format is indicated.

41.     Even if the plaintiff's instructions were binding, State Farm Fire's document production responsive to Request 11 meets them to the extent they could reasonably be met.  Plaintiff's instructions ask only that documents be produced in their "native format," and that emails be produced "in electronic format."  As all documents produced were produced on a CD-ROM disk, it is safe to say they all, including any emails, were produced in electronic format, thereby meeting plaintiff's format request.

42.     The only other format request in plaintiff's non-binding general instructions is that "[e]ach item requested should be produced in its native format."  Plaintiff represents in his motion that the document production contains "over 7,000 documents. . . ."  (Motion at 9).  To ask State Farm Fire to go back and examine each of the documents produced to determine its origins, who produced it, and on what type of computer program, if any, would subject State Farm Fire to expense and burden far out of proportion to any benefit of such an endeavor. *Marion v. State Farm*, No. 1:06cv969, 2008 WL 723976 (S. D. Miss. March 17, 2008) (Plaintiff should not be allowed to pursue unfettered discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in

13

controversy, the parties' resources, the importance of the issues at stake in the litigation, and the

importance of the proposed discovery in resolving the issues)".

43.     Moreover, State Farm Fire is not required – as argued by plaintiff without citation

of any authority – to provide electronically stored information in whatever format plaintiff now

desires.  *See* 8B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 2219 ("The responding party is not required to accede to the requesting party's

specification of form)".

44.     The advisory committee's comments to the rule agree.  According to the

comments on the 1993 amendment to subdivision (b) of Rule 34, the form in which documents

are produced must be "reasonably usable."  Although plaintiff complains of the number of

documents that were responsive to Request 11, he fails to show that in the form produced they

are not reasonably usable, although he tries.

45.     Plaintiff writes, "The arbitrarily chosen format of production by Defendant State

Farm is not even in a reasonably usable form, as Defendant State Farm converted searchable

electronically stored data into non-searchable .pdf images."

46.     Plaintiff's position comes as somewhat of a shock, since as detailed at the

beginning of the instant response plaintiff operated for months in the instant litigation with the

claim files and other documents produced by State Farm Fire in .pdf format.  Plaintiff's counsel

has been able to defend the depositions of witnesses, including the plaintiff, using the claim file

produced.  Plaintiff has also been able to name two persons expected to give opinion expert at

trial.  Not only that, but the Merlin Law Group, who represents plaintiff in the above-styled case,

has represented plaintiff in dozens of Hurricane Katrina civil actions in which the claim files

have been produced in the same format.

47.     The plaintiff simply cannot establish with any credibility, after using the .pdf format in the above-styled case for months and after his attorney has used it in so many other cases for years, that the format in which it was produced is not reasonably usable.

48.     The bottom line as to Request 11 is that plaintiff made a broad request that encompassed a large number of documents.  Request 11 contained no valid format request.  State Farm Fire provided the responsive documents in accordance with FED. R. CIV. P. 34 in a format that is reasonably usable.  There is nothing further to compel from State Farm Fire.

49.     Beginning on page 13 of his memorandum in support of the motion to compel, plaintiff addresses "Claim Handling Practices, Training Manuals, Claim Manuals and System Manuals."  For the most part, plaintiff's argument therein is rendered useless by his refusal to even attempt to address the above-described production made by State Farm Fire.  Instead, plaintiff approaches the issue as though State Farm Fire made no production at all.  As detailed above, counsel for plaintiff has possessed State Farm Fire's document production as to other cases literally for years, and could have tailored the instant argument in a way that allowed State Farm Fire a meaningful chance at a response.

50.     Plaintiff cites *Bray &. Gillespie Management LLC v. Lexington Ins. Co.*, No. 6:07cv222, 2008 WL 5054695 (M.D. Fla. November 17, 2008), and writes that in the case the Court considered and rendered a decision regarding the format of electronic discovery.  Plaintiff does a poor job of citing the case, providing only a docket number.  The only order in the case that counsel for State Farm Fire located in a Westlaw search is the one cited above.  It is an order resolving a dispute over the application of the attorney-client and work-product privileges, and

15

nowhere therein does the Court address the form of electronic discovery.

51.     In any event, State Farm Fire does not dispute that its handling of plaintiff's claim is at issue in the litigation.  Accordingly, State Farm Fire has produced the requested documents.

52.     For the above-stated reasons, plaintiff's motion to compel should be denied as to Request 11.

> **Request for Production 13:** Copy of employee handbooks of any date utilized/used or given to Defendant's personnel, adjusters and supervisors for the purpose of adjusting claims in the state of Mississippi from 2004 to the present, including, but not limited to, orientation manual or booklet; benefits, profit-sharing, stock ownership and incentive plans; and company philosophies and policies in handling property loss claims.

53.     State Farm Fire incorporates by reference its above response to plaintiff's motion to compel as to Request for Production 11, and reiterates that it has produced 9,122 pages of documents responsive to Requests 11 and 13.  Plaintiff's motion to compel contains generic, non-specific argument made as though no documents were produced whatsoever, and plaintiff makes no effort to show how the document production made fails to be a sufficient response.

54.     Accordingly, plaintiff's motion to compel as to Request 13 should be denied.

> **Request for Production 14:** Copy of all newsletters, bulletins, or other publications of any date, paper and electronic, that addresses and/or has information regarding Defendant's handling procedures of property loss claims in the state of Mississippi from 2004 to the present including, but not limited to, company-wide; regional and local; video-conferences;  and video magazines.

55.     State Farm Fire incorporates by reference its response to plaintiff's motion to compel as to Requests for Production 11 and 13, above.  Once again plaintiff seeks an order compelling documents that have already been produced.  Plaintiff's motion contains no argument or demonstration that the production made is not sufficient response to Request 14.

> **Request for Production 15:** Copy of any and all "Claim Committee" (or any other

name of a group of two or more of Defendant's employees and/or adjusters and other representatives of Defendant who may meet to discuss property loss claims in the state of Mississippi from 2004 through the present) reports, committee minutes, or written notes prepared or taken in connection with any meetings held on this claim, including, but not limited to, names of the members; reports issued by the committee and/or group on this case; and documentation of "committee" and/or group deliberations.

56.     Request 15, as worded, would include documents from any meeting of two or more State Farm Fire employees since 2004 the purpose of which was to discuss property loss. As written, it would include any meeting between an adjuster and a manager, for any claim whether Katrina-related or not, in that time period. Plaintiff failed to tailor Request 15 to be specific to Hurricane Katrina, much less to issues raised by his complaint and that relate to State Farm Fire's adjustment of his Katrina loss.

57.     The established scope of discovery, outlined above, renders Request 15 improper. State Farm Fire has already produced the claim files pertinent to plaintiff's Katrina loss, which would contain pertinent information about plaintiff's claim. Plaintiff's counsel has also had the opportunity to depose adjusters directly involved in plaintiff's claims. To the extent that information responsive to Request 15 would bear upon plaintiff's claims, plaintiff has had the opportunity through other, more narrowly tailored means, to identify and obtain it.

58.     Accordingly, plaintiff's motion to compel should be denied as to Request for Production 15.

> **Request for Production 16:** Copy of Defendant's philosophies, directives, goals, etc., on the handling of property losses and/or windstorm/hurricane claims from 2004 through the present, including, but not limited to, windstorm/hurricane claims handling policies; providing service to policyholders; good/bad faith claim handling of first party property and/or windstorm/hurricane claims; extra-contractual damages and suits involving property losses and/or windstorm/hurricane claims; compliance with unfair claim practices statutes; and wrongful claims handling.

17

59.     State Farm Fire incorporates by reference its response to plaintiff's motion to compel as to Requests for Production 11, 13, and 14 above. State Farm Fire has disclosed documents responsive to Request 16, and plaintiff not only fails but does not so much as attempt to show how the production made by State Farm Fire is deficient.  Indeed, plaintiff's motion to compel reads as though no production were made at all.

60.     Accordingly, plaintiff's motion to compel should be denied as to Request for Production 16.

### Matters Raised in Plaintiff's Memorandum of Law

61.     Plaintiff filed a memorandum [77] of law, purportedly in support of the instant motion to compel.  However, as more fully set out below, the memorandum has very little, if any, connection to the discovery requests disputed by plaintiff in the instant motion.

62.     Moreover, plaintiff's memorandum [77] in support of the instant motion is not only identical in form and content to the memorandum filed by plaintiff in support of another motion [74] to compel in the above-styled case, it is identical in form and content to memoranda filed in support of two motions [85, 87] to compel in the case styled *Mation Lebon*, et al *vs. State Farm Fire and Casualty Company*, Civil Action Number 1:08cv509-LTS-RHW and two motions [71, 73] to compel in the case styled *New Light Baptist Church vs. State Farm Fire and Casualty Company*, Civil Action Number 1:08cv560-HSO-RHW.

63.     In other words, plaintiff's counsel has filed one memorandum of authorities in support of six different motions to compel in three different civil actions.  In fact, all six memorandum contain argument based on depositions of State Farm Fire's retained structural experts, The Structures Group, and an independent adjuster, Curtis Hilgerson, *which have only*

18

*taken place* in the *Lebon* action.

64.     In doing so, instead of taking the time to tailor the memoranda, plaintiff's counsel has created a situation in which counsel for State Farm Fire must wade through the same memoranda six different times and respond according to how each memorandum applies to the specific motion filed in the specific civil action.  Although there will certainly be a great deal of repetition in State Farm Fire's separate responses to the six motions, each will still need separate consideration.

65.     The above-described methods, combined with plaintiff's repeated implications, detailed above and below, that State Farm Fire produced no documents when indeed it had produced documents – at times in the thousands of pages – must raise the suspicion that recent flurry of motion-filing in the three civil actions arises not from a legitimate concern over discovery disputes, but in an attempt to unnecessarily increase the cost of litigation for State Farm Fire.

<u>Any Request not Made in the Plaintiff's Motion Should Be Denied.</u>

66.     Pursuant to L.U.CIV.R. 7(b), "Any written communication with the court that is intended to be an application for relief or other action by the court *must be presented by a motion in the form prescribed by this Rule*."

67.     Plaintiff makes several requests for relief in his memorandum of authorities that do not appear in the motion.  For example, plaintiff requests the Court to compel production of documents in the possession of persons retained by State Farm Fire to provide expert testimony in the above-styled case.  (See below).  Any such request is improperly made under the rules of the Court and for that reason alone should be denied.

19

68.     State Farm Fire's request that the Court enforce the terms of L.U.Civ.R. 7(b) is not intended as an empty procedural gambit snidely derailing plaintiff's attempt to compel discovery.  Plaintiff has filed five motions to compel in the above-styled case since December 10, 2009.  All five motions are substantial and encompass numerous discovery requests and a very lengthy 30(b)(6) notice filed by plaintiff.

> The courts have adopted these Local Rules . . . to permit the courts to manage their civil dockets in the most effective manner, to reduce costs and to avoid unnecessary delay, without compromising the independence of the judicial system or the individual judge.  The underlying principle of the Rules is to make access to a fair and *efficient* court system available and affordable to all citizens.

L.U.Civ.R. 1(a) (emphasis added).

69.     Especially in light of the length and volume of plaintiff's recent filings, the attempt to include requests for relief in documents other than the plaintiff's motion causes additional burden to both State Farm Fire and the Court.  Certainly, it fails to increase the efficiency of the process.

<u>FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)(A)(ii)</u>

70.     In his memorandum of law, plaintiff contends that State Farm Fire has failed to abide by FED. R. CIV. P. 26(a)(1)(A)(ii), which requires a party to produce copies or specified information regarding documents, electronically stored information, or other tangible things that the party "may use to support its claims or defenses."

71.     State Farm Fire made it's initial pre-discovery core disclosures (Ex. A) on February 27, 2009, and two supplementary disclosures on April 2 and July 7, 2009.  Copies of the supplemental disclosures are attached hereto as composite Exhibit B.

72.     In his memorandum, plaintiff makes the blanket representation that, "Again,

Defendant has not provided relevant, responsive information, documents, and data, including the existence, description, nature, custody, condition and location of any documents or other tangible things as requested by Plaintiffs."

73.     Plaintiff's representation, as shown above and shown here again, is wholly untrue. A review of State Farm Fire's pre-discovery disclosures quickly shows that State Farm Fire identified numerous documents in accordance with FED. R. CIV. P. 26(a)(1)(A)(ii), including, *inter alia*, State Farm Fire's claim file for plaintiff's Hurricane Katrina claim, (Ex. A) and copies of maps and ariel photographs.  (Ex. A). State Farm Fire has also produced the thousands of pages of responsive documents described above.

74.     Plaintiff's statement, quoted above, indicating to the Court that State Farm Fire has not provided the information regarding documents required by FED. R. CIV. P. 26(a)(1)(A)(ii), is simply not accurate.

<u>Documents in the Possession of Retained Experts</u>

75.      As noted above, plaintiff raises in his memorandum, but not in his motion, an issue regarding documents in the possession of State Farm Fire's retained structural engineering experts from The Structures Group.  (Memorandum at 4).  Plaintiff's counsel has not taken the depositions of any employee or member of The Structures Group in the above-styled case.  In other words, plaintiff misrepresents the record on the instant point.  Plaintiff did take the depositions of The Structures Group employees in the *Marion Lebon* civil action, above.  Nevertheless, out of an abundance of caution, State Farm Fire will respond.

76.     The first rule upon which plaintiff relies, FED. R. CIV. P. 26(a)(1)(A)(ii), again requires that a party produce copies or specified information regarding documents, electronically

stored information, or other tangible things that the party "may use to support its claims or defenses." Rule 26(a)(1)(A)(ii) places no burden on State Farm Fire to provide documents from its retained experts whatsoever, as expert witness productions are governed by FED. R. CIV. P. 26(a)(2)(B). Even if Rule 26(a)(1)(A)(ii) did place such a burden on State Farm Fire, there are no documents related to its retained expert witnesses upon which State Farm Fire may rely "to support its claims or defenses" that have not been produced to plaintiff. Of course, if there are such documents, plaintiff would have several avenues available to them at or before trial to have unproduced documents excluded from evidence.

77. The second, FED. R. CIV. P. 26(a)(b)(1) [sic], does not exist. Counsel for State Farm Fire has reviewed FED. R. CIV. P. 26(a) in an attempt to determine which section plaintiff may have intended to cite, but counsel is unable to make such a determination. The most likely candidate would be FED. R. CIV. P. 26(a)(2)(B)(I), which goes to the contents of the report required to be produced containing the experts expected opinions and grounds therefore. However, citation of that section does not jive with the context of the pertinent portion of plaintiff's memorandum, and plaintiff nowhere suggests that State Farm Fire has not properly designated its expert witnesses.

78. Accordingly, any request by plaintiff to compel further production of documents related to The Structures Group should be denied.

<u>Laptop and Digital Camera Used by the Adjuster</u>

79. Plaintiff again fails to tether the instant topic to a request for production or interrogatory propounded on State Farm Fire. Moreover, the pertinent section of the memorandum is unclear. (Memorandum at 4-5). In it, plaintiff states that independent adjuster

Curtis Hilgerson testified that he had a laptop and digital camera issued to him by State Farm Fire when he worked Hurricane Katrina claims, which were returned to State Farm Fire after his inspections were complete.  Without further explanation, plaintiff concludes that State Farm Fire has not provided "this required and requested relevant information."

80.     Mr. Hilgerson had no involvement in the above-styled case, and his deposition has not been taken.  Plaintiff's representations to the Court otherwise are inaccurate.  Once again, out of an abundance of caution, State Farm Fire responds.

81.     The lack of clarity in plaintiff's argument on the instant point may prevent State Farm Fire from accurately addressing it.  As an initial matter, there is no discovery request propounded by plaintiff that seeks the information he appears to be seeking here.  Certainly, none of the Requests for Production raised by plaintiff in the motion to compel appear to address the computer, camera, or other items that may have at one time been in the possession of State Farm Fire's adjusters.

82.     Furthermore, upon information and belief, photographs or notes pertinent to plaintiff's claim taken or prepared by the adjusters will have been produced with the claim files, to the extent that State Farm Fire possesses them.

83.     Accordingly, any request by plaintiff for an order compelling production of the items described in the instant section should be denied.

<u>Plaintiff's Claim File</u>

84.     Again, the pertinent claim file for plaintiff's Hurricane Katrina claim has been produced as part of pre-discovery core disclosures.  (Ex. A).  State Farm Fire requests the Court to note that none of the requests for production contested by plaintiff in his motion to compel

23

request the claim file.

85.     Plaintiff complains, "The Plaintiffs' claim file, printed from the CSR database and furnished by Defendant State Farm in response to Plaintiffs' Requests for Production is incomplete and contains unexplained changes."  (Memorandum at 5).  Unfortunately, plaintiff fails to elaborate regarding how the claim file that was produced is incomplete or changed, thereby making a response to the argument difficult.

86.     State Farm Fire did produce the claim file with redactions.  However, the redactions were cataloged, as required by rule, in a privilege log that was produced to plaintiff's counsel.  If plaintiff is taking issue with the redactions, he does not so state in his motion, except for a vague assertion, without grounds therefore, that the redactions should be removed. (Memorandum at 16).

87.     As for plaintiff's contention, "The location and nature of this information should have been provided, as required by Federal Rules 26(a)(1)(A)(ii), to Plaintiffs, without Defendant's awaiting a discovery request," State Farm Fire responds as follows: it was.

88.     Finally plaintiff states that the metadata in an electronic format would reveal who took the photographs in the claim file. Plaintiff provides no grounds upon which the Court or counsel for State Farm Fire can weigh the accuracy of his statement; he does not explain why knowing who took which photographs is relevant to his claims. FED. R. CIV. P. 26(b)(1).  In short, he does not provide sufficient grounds or authority to cast the burden on State Farm to again produce claim files that plaintiff already has in his possession.

89.     Accordingly, plaintiff's request for an order compelling further production of the already-produced claim file should be denied.

<u>Emails</u>

90.     Beginning on page 5 of the memorandum, plaintiff argues that various emails should be produced.  Plaintiff filed a separate motion [71] to compel dedicated to the subject of emails, and State Farm Fire incorporates herein by reference its response thereto.

91.     For purposes of the instant motion to compel, State Farm Fire merely points out that none of the discovery requests actually disputed by plaintiff here request emails.

<u>Electronically Stored Information</u>

92.     State Farm Fire has responded above to plaintiff's arguments regarding electronically stored information as those arguments were made by plaintiff respective to the specific discovery responses disputed in his motion to compel.

<u>"'Other Claim File' Information"</u>

93.     Once again, State Farm Fire is burdened with responding to an argument that is not related to any of the interrogatories or requests for production listed in plaintiff's motion. Beginning on page 11 of the memorandum, plaintiff launches into an argument designed to convince the Court that they should have access to "other claim file[s]."  In fact, a review of all of plaintiff's requests for production fails to reveal any that request claim files for claims other than plaintiff's.  Nevertheless, out of an abundance of caution, State Farm Fire offers a response.

94.     In short, State Farm Fire's handling of other claims is not relevant to the claims and defenses raised in the above-styled case.  *See* FED. R. CIV. P. 26(b)(1); *Marion* orders, *supra*. As the United States Court of Appeals wrote in *Broussard*, it will be State Farm Fire's handling of plaintiff's claim that will be at issue.  *Broussard v. State Farm Fire and Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008).

95.    Plaintiff's reliance on *Crawley v. American Public Life Ins. Co.*, 603 So. 2d 835 (Miss. 1992), even if it were controlling authority, is misplaced.  First, in *Crawley*, there actually were discovery requests seeking the pertinent information.  *Id.* at 841, n.4.  Also, there is no indication in *Crawley* that the issue was one that had already been affected by prior orders of the Court, as with the *Perkins* and *Marion* orders, above.

96.    Plaintiff writes, "Defendant does not even attempt to set forth any explanation of how or why the request is too burdensome."  (Memorandum at 11).  State Farm Fire can identify neither the objection plaintiff cites nor the request to which it is made, and for that reason is hampered in its ability to respond.  Defendant can, however, address at least some of the authorities upon which plaintiff relies.

97.    One need go no farther than the language from *Harvey-Latham v. Underwriters at Lloyds*, 574 So. 2d 13, 17 (Miss 1990) cited by plaintiff to show that it is of no value. As noted above, the Fifth Circuit in *Broussard* has established what the jury will consider in regards to any potential punitive damages claim in the instant civil action.  *Broussard*, 523 F.3d at 618. Nor does plaintiff define how he was treated, (Memorandum at 12) such that it provides a basis for State Farm Fire to be able to respond or for the Court to grant relief.  In any event, all of the Mississippi state court cases upon which plaintiff relies are obviated by the controlling precedent found in the cases cited above from this Court and the Fifth Circuit.

98.    Plaintiff later writes, "Defendant also objects to production on the basis the collection process would be unduly burdensome."  (Memorandum at 12).  Again, plaintiff is referring to an unknown discovery request and an unidentified objection purportedly made by State Farm Fire to that request.  Without a request, State Farm Fire cannot address how

burdensome a response would be based on its scope.   However, it is safe to say that a request for

all Katrina claim files would indeed be unduly burdensome, with no rational relation between the

expense and the benefit.  *See Marion v. State Farm*, No. 1:06cv969, 2008 WL 723976 (S. D. Miss.

March 17, 2008) (Plaintiff should not be allowed to pursue unfettered discovery when "the burden

or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

the litigation, and the importance of the proposed discovery in resolving the issues)".

### Claim Handling Practices, Training Manuals, Claim Manuals, Database Manuals, and System Manuals

99.    State Farm Fire has addressed plaintiff's argument regarding claim handling

practices, training manuals, claim manuals, database manuals, and system manuals under the

heading for Request for Production 11, above.

### Document Retention Policies

100.    Again, plaintiff has included argument in his memorandum that is unrelated to

any of the interrogatories or requests for production identified in his motion.  (Memorandum at

p. 26).  Again, based on a review of plaintiff's interrogatories and requests for production,

plaintiff apparently has not propounded *any* interrogatory or request for production seeking State

Farm Fire's document retention policies in the above-styled case.  Yet plaintiff included it in his

memorandum, taking the time of defense counsel to respond.

101.    Neither party has placed State Farm Fire's document retention policies at issue in

the instant lawsuit, and they, if any, are therefore outside the scope of discovery as the scope is

established by rule and prior decisions of the Court addressed above.

102.    Accordingly, any request to compel document retention policies should be denied.

27

### Conclusion

103.    Every feature of plaintiff's motion to compel and memorandum in support rings hollow.  It is untimely.  Throughout both documents, plaintiff writes as though State Farm Fire has made no production at all, and even when plaintiff's counsel has had years to review State Farm Fire's production plaintiff make no effort at specificity in his argument.  Plaintiff has recycled the same memorandum of law six times in three different cases, even though the memorandum of law is only slightly related to the requests named in the instant motion to compel.  It cites inapposite, non-binding authority that serves to do no more than generate unnecessary expense and waste.

104.    Plaintiff even goes so far as to argue that State Farm Fire's productions are not reasonably useful in their current format, even though plaintiff has been using them for months in the instant litigation and plaintiff's counsel has been using them for years in Katrina litigation in general.

105.    Plaintiff has pages of production from State Farm Fire.  He has participated in discovery in the instant case for months.  Nevertheless, in nearly sixty pages of motion and memorandum, he is unable to provide any specific basis for a contention that State Farm Fire has failed to produce any document that is responsive to the disputed requests.

106.    Plaintiff's motion [76] to compel should be denied in its entirety.

WHEREFORE, PREMISES CONSIDERED, the defendant, State Farm Fire and Casualty Company requests the Court to deny Plaintiff's Motion [76] to Compel Claims Handling and Claims Practices Information and Data.  Given that a memorandum brief would, in effect, merely duplicate the instant response, State Farm Fire requests to be relieved of any duty

to file a brief in support of its response.

Respectfully submitted,

STATE FARM FIRE AND CASUALTY
COMPANY

HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000

BY: */s/ H. Scot Spragins*
   H.  SCOT SPRAGINS, MSB # 7748

## CERTIFICATE OF SERVICE

I, H. SCOT SPRAGINS, one of the attorneys for the Defendant, STATE FARM FIRE &

CASUALTY COMPANY, do hereby certify that I have on this date electronically filed the

foregoing document with the Clerk of Court using the ECF system which sent notification of such

filing to all counsel of record.

DATED, this the 7th day of January, 2010.

/s/ H. Scot Spragins
H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000