# EXHIBIT "1"

## SCHEDULE A

### I. AGREED MATTERS ON WHICH EXAMINATION IS REQUESTED

1. Person most knowledgeable and qualified to testify about general claim handling practices and procedures of State Farm, as well as, the particular witness's knowledge of and involvement with the file.

The deposition is held with the agreement that Plaintiffs' reserve their right to continue the 30(b)(6) deposition(s) to include any topics (see attached Exhibit A) compelled by the Court as a result of Plaintiffs' Motion to Compel 30(b)(6) Deponents and 30(b)(2) Documents.

## SCHEDULE B

### I. DOCUMENTS REQUESTED TO BE BROUGHT TO THE EXAMINATION

1. All documents you reviewed in preparation for this deposition that you will rely on in providing your testimony.

2. All documents you reviewed in refreshing your recollection in preparation for your deposition testimony.

3. All <u>originals</u> of documents produced in Defendant's Pre-Disclosures and responses to Plaintiffs' Requests for Production, including all Supplemental responses.

## EXHIBIT "A"

## DISPUTED TOPICS RESERVED FOR CONTINUANCE PENDING A RULING ON PLAINTIFFS' MOTION TO COMPEL

## SCHEDULE A

### I. MATTERS ON WHICH EXAMINATION IS REQUESTED

1. The person(s) most knowledgeable regarding the identity, by full name and company title, all of those persons who participated in making the decision on behalf of STATE FARM FIRE AND CASUALTY COMPANY ("STATE FARM") to withhold, deny or authorize payments of Plaintiff's claim(s).

2. The person(s) most knowledgeable at STATE FARM who participated in making any decision on behalf of STATE FARM to withhold, deny or authorize payments of Plaintiff's claim(s).

3. The person(s) most knowledgeable at STATE FARM regarding any and all Answers and Affirmative Defenses raised by STATE FARM in this cause of action.

4. The person(s) most knowledgeable at STATE FARM regarding the identity of the person(s) involved with, and explain what events occurred, to cause Plaintiff's damages to be constituted as events excluded from the coverage provided by the policy of insurance which is the subject of this cause of action; or how any actions or omissions on behalf of the Plaintiffs' voided, excluded or may void or exclude coverage.

5. The person(s) most knowledgeable at STATE FARM that can identify by full name and company title all of those persons who participated in making any and all decisions on behalf of STATE FARM with regards to this case.

6. The person(s) most knowledgeable at STATE FARM regarding the identify of the person(s) who participated in making any decision on behalf of STATE FARM to withhold, deny and/or authorize providing coverage and/or payments which are the subject of this cause of action.

7. The person(s) most knowledgeable at STATE FARM that can identify and explain the general interpretation and application of the policy terms and the specific application of these policy terms, limitations, exclusions and/or conditions within the STATE FARM insurance policies issued to the Plaintiff which STATE FARM contends it has complied with in adjusting the Plaintiff's claims of loss which are the subject of this cause of action.

8. The person(s) most knowledgeable at STATE FARM that can identify and explain the general interpretation and application of the policy terms, limitations, exclusions and/or conditions within the STATE FARM insurance policies issued to the Plaintiff that STATE FARM contends Plaintiff failed and/or refused to comply with in STATE FARM'S

adjusting of the Plaintiff's claims of loss.

9. The person(s) most knowledgeable at STATE FARM who can identify the person(s) who participated in retaining any of the experts/representatives, including but not limited to, engineers, to complete report(s), estimates or evaluation(s) on the Plaintiff's damages, and most knowledgeable about all of his/her/their results, findings, work, tests, surveys, and evaluations.

10. The person(s) most knowledgeable at STATE FARM regarding the identity of the person(s) who participated in preparing STATE FARM'S responses and/or answers to Plaintiffs' discovery requests.

11. The person(s) most knowledgeable at STATE FARM that authorized STATE FARM'S Responses, Objections and/or Answers to Plaintiffs' discovery requests and that can testify as any basis, factual or otherwise, for that Answer, Objection and/or Response.

12. The person(s) most knowledgeable at STATE FARM who can explain comprehensively and in detail as to whether STATE FARM'S claims investigation into this insurance claim complied with the generally accepted standards for the investigation, evaluation, determination and remediation of water damage and wind damage with regard to Plaintiff's insurance claim.

13. The person(s) most knowledgeable at STATE FARM regarding STATE FARM'S responses to Plaintiff's post suit requests for information and/or documentation from STATE FARM.

14. The person(s) most knowledgeable at STATE FARM regarding all correspondence, notices, reports or other communications between Defendant or its representatives and Plaintiff and his representatives regarding water damage and wind damage to Plaintiff's property.

15. The person(s) most knowledgeable at STATE FARM regarding Defendant's complete paper and electronic claim file, cover to cover, from the home office, regional and local (including "field" file) regarding the claim that is the subject of this matter (excluding attorney-client privileged and/or work product protected documents), including but not limited to:
    a. All letters, memoranda and other forms of written or computerized communication to or from any employee of Defendant, STATE FARM, relating in any way to the processing of the claims at issue in this action;
    b. All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of Defendant, STATE FARM, relating in any way to the processing of the claims at issue in this action;
    c. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant, STATE FARM, and Plaintiff relating in any way to the claims at issue in this action;
    d. All written or computerized communications and written or computerized records of

       oral communications, whether in person or by telephone, between any employee of Defendant, STATE FARM, and any third party relating in any way to the claims at issue in this action;

    e.    All written or computerized records of any investigation conducted in connection with the claims at issue in this action;

    f.    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from any employee of Defendant, STATE FARM, relating in any way to the decision to deny Plaintiff's claims;

    g.    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between Plaintiff and any employee of Defendant, STATE FARM, relating in any way to the decision to deny Plaintiff's claims;

    h.    All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant, STATE FARM, and any third party relating in any way to the decision to deny Plaintiff's claims;

    i.    All other written or computerized documents pertaining to the claims at issue in this litigation;

    j.    The file folders in which the preceding documents are kept;

    k.    Reports and correspondence;

    l.    Tapes – video and audio;

    m.    Photographs – original negatives.

16.    The person(s) most knowledgeable at STATE FARM regarding Defendant's complete underwriting files referring or relating in any way to the insurance polices at issue in this action including, without limitation:

    a.    All letters, memoranda and other forms of written or computerized communication and written or computerized records of oral communications, whether in person or by telephone, referring or relating in any way to the issuance of the policy at issue in this action;

    b.    The file folders in which the preceding documents are kept.

17.    The person(s) most knowledgeable at STATE FARM regarding all first property claims manuals – printed or electronic, bulletins, memoranda, directives, letters, and other forms of written or computerized communication directed to claims personnel, claims managers, claims supervisors, or any other person acting on behalf of Defendant, STATE FARM, and pertaining to or reflecting corporate policy or procedure which was applied to Plaintiff's claims and the handling of Plaintiff's first party real property and/or water damage and wind damage claims in the State of Mississippi from the years of **2005 through 2009**, including but not limited to:

    a.    The documents reflecting STATE FARM'S claim settlement policies as they existed at the time Plaintiff submitted his insurance claims;

    b.    The documents reflecting any subsequent changes of policy;

    c.    Hurricane, Windstorm, Wind and/or Water related loss handling procedures;

      d.      Supervisor's and manager's manuals in first party real property and/or water damage and wind damage cases in the state of MISSISSIPPI;
      e.      "Historical" copies and procedures to retain them.

18. The person(s) most knowledgeable at STATE FARM regarding all information and documentation on STATE FARM'S claims' handling personnel, adjusters and supervisors involved with Plaintiff's claims, including but limited to the following information:
   a. Job descriptions;
   b. Original application for employment;
   c. Annual performance evaluations;
   d. History of salary and promotions/demotions;
   e. Educational records (including company courses), including Curriculum (taped or written) used for these courses;
   e. Letters of commendation or complaint;
   f. Memberships in professional organizations, codes of ethics.

19. The person(s) most knowledgeable at STATE FARM regarding STATE FARM'S personnel or "H.R." (Human Resources) manuals for STATE FARM'S first party property and/or hurricane, windstorm, wind and water damage claims' handling personnel, adjusters and supervisors for the those person(s) involved in investigation, adjustment, and evaluation of Plaintiff's claims, but not limited to:
   a. Job descriptions;
   b. Salary grade classifications;
   c. Criteria for promotion/demotion;
   d. Performance evaluations and activity review;
   e. Performance-based compensation plans;
   f. Incentive programs and retirement funds;
   g. Profit-sharing and stock ownership.

20. The person(s) most knowledgeable at STATE FARM regarding Defendant's loss reserve history with regard to Plaintiff's claims including, but not limited to:
   a. Original reserves and all changes;
   b. Methods and criteria for setting reserves.

21. The person(s) most knowledgeable at STATE FARM regarding STATE FARM'S videotaped, recorded, or written training manuals for first party property, hurricane, windstorm, wind and/or water damage claims' handling provided to STATE FARM'S personnel, adjusters and supervisors in the State of MISSISSIPPI **from 2005 through 2009**, including, but not limited to:
   a. Real Property loss adjusting;
   b. Disputed claims;
   c. Coverage interpretation.

22. The person(s) most knowledgeable at STATE FARM regarding STATE FARM'S

employee handbooks for Defendant's first party property, hurricane, windstorm, wind and/or water damage claims' handling personnel, adjusters and supervisors in the State of MISSISSIPPI **from 2005 through 2009**, including, but not limited to:

    a. Orientation manual or booklet;
    b. Benefits;
    c. Profit-sharing, stock ownership and incentive plans;
    d. Company philosophies and policies in handling first party property and/or hurricane claims.

23. The person(s) most knowledgeable at STATE FARM regarding Defendant's publications, including but not limited to, newsletters, paper and electronic, that addresses and/or has information regarding Defendant's first party property, hurricane, windstorm, wind and/or water damage claims' handling procedures in the State of MISSISSIPPI **from 2005 through 2009**, including, but not limited to:

    a. Company-wide;
    b. Regional and local;
    c. Video-conferences and video magazines;
    d. Claims.

24. The person(s) most knowledgeable at STATE FARM regarding Defendant's tracking of public complaints regarding Defendant's first party property, hurricane, windstorm, wind and/or water damage claims in the State of Mississippi **from 2005 through 2009**, including but not limited to, claim denials; and the cost to obtain this information in written form.

25. The person(s) most knowledgeable at STATE FARM regarding Defendant's forms, publications and manuals available to Defendant's first party property claims staff in the State of MISSISSIPPI **from 2005 through 2009**, which would include those staff members handling, adjusting and/or evaluating Plaintiff's claims, including, but not limited to:

    a. Index, catalog or inventory of available materials;
    b. Bulletins, memoranda, etc. not part of the "official" manuals used to convey instructions from management to claim handlers.

26. The person(s) most knowledgeable at STATE FARM regarding Defendant's guides for letter writing or correspondence for the first party property claims staff in the State of MISSISSIPPI **from 2005 through 2009**, which would include those staff members handling, adjusting and/or evaluating Plaintiff's claims, including, but not limited to:

    a. Index of form letters;
    b. E-mail program and manuals.

27. The person(s) most knowledgeable at STATE FARM regarding information on the organization of Defendant's first party property claims handing section/unit/area in the

>   State of Mississippi and officers, supervisors or mangers responsible for the first party property claims staff in the State of Mississippi from **2005 through 2009**, which would include those staff members handling, adjusting and/or evaluating Plaintiff's claims, including, but not limited to:
>
>   a.   Diagram or chart of the claim department "chain of command";
>   b.   Company structure by line and levels of authority;
>   c.   Manuals or bulletins on management reports and operations displays.

28. The person(s) most knowledgeable at STATE FARM regarding Defendant's "Claim Committee", or any other name of a group of two or more STATE FARM employees who may meet to discuss first party property, hurricane, windstorm, wind and/or water damage claims in the State of Mississippi from 2005 through 2009, which outcomes and discussions would affect the handling, adjustment and/or evaluation of Plaintiff's claims, including the program or procedure, committee minutes, or written notes prepared or taken in connection with any meetings held that would affect Plaintiff's claim, including, but not limited to:

    a.   Names of the members;
    b.   Reports issued by the committee and/or group on this case;
    c.   Documentation of "committee" and/or group deliberations.

29. The person(s) most knowledgeable at STATE FARM regarding Defendant's philosophies, corporate policies and procedures regarding the handling of first party property, hurricane, windstorm, wind and/or water damage claims in the State of Mississippi from **2005 through 2009**, which would include those philosophies, corporate policies and procedures affecting the handling, adjustment and/or evaluation of Plaintiff's claims including, but not limited to:

    a.   Hurricane, windstorm, wind and water damage and wind damage claims handling policies;
    b.   Providing service to policyholders;
    c.   Good/bad faith claim handling of first party property, hurricane, windstorm, wind and/or water damage and wind damage claims;
    d.   Extra-contractual damages and suits involving first party property, hurricane, windstorm, wind and/or water damage and wind damage claims;
    e.   Compliance with unfair claim practices standards/statutes;
    f.   Wrongful claims handling.

30. The person(s) most knowledgeable at STATE FARM regarding Defendant's insurance agreements for reimbursement for payment of Plaintiff's claims; indemnity for judgments regarding Plaintiff's claims; and reinsurance coverage for extra-contractual liability for the handling of Plaintiff's claims from **2005-2009**.

31. The person(s) most knowledgeable at STATE FARM regarding any awards of punitive damages against Defendant within the last five (5) years, including the jurisdiction in which the punitive damages were awarded and the style of the case.

32. The person(s) most knowledgeable at STATE FARM regarding all documents regarding special examination reports, *e.g.*, Market Conduct Reports, compiled by the Mississippi Department of Insurance related to the Defendant for 2004-2009.

33. The person(s) most knowledgeable at STATE FARM regarding any minimum state standards for processing claims based on state and NAIC model law for the state of Mississippi from **2005-2009**.

34. The person(s) most knowledgeable at STATE FARM who can produce, identify and explain all standards and/or guidelines, written or otherwise, adopted and implemented by Defendant for the proper investigation into individual first party property claims in the State of Mississippi from **2005 through 2009**, which would include those affecting the handling, adjustment and/or evaluation of Plaintiff's claims, and the present location of the documents that concern, refer, or relate to the present request.

35. The person(s) most knowledgeable at STATE FARM regarding Defendant's record retention and/or record destruction standards and/or guideline(s), procedure(s) or system(s) with regard to information and documents of Defendant, and the cost to obtain both this information and its record retention and/or record destruction standards and/or guideline(s), procedure(s) or system(s).

36. The person(s) most knowledgeable at STATE FARM regarding any final reports, tracking, memorandums, synopsis, or analysis of bad faith litigation suits filed against Defendant, in the State of Mississippi, regarding first party property insurance policies, from **2005-2009**; and the present location of the documents that concern, refer, or relate to the present request.

37. The person(s) most knowledgeable at STATE FARM regarding any final reports, tracking, memorandums, synopsis, or analysis of any and all judgments awarded against Defendant, in the State of Mississippi, regarding individual first party property policies, from **2005-2009**.

38. The person(s) most knowledgeable at STATE FARM regarding any final reports, tracking, memorandums, synopsis, or analysis of any and all awards of punitive damages and/or extra-contractual damages against Defendant, in the State of Mississippi, from **2005-2009.**

39. The person(s) most knowledgeable at STATE FARM regarding any documents and/or records that explain and identify the current relationships between Defendant and Pilot Catastrophe Services; Structures Group Inc.; Forrest Masters, Phd.; and Surfbreak Engineering Sciences, Inc.

40. The person(s) most knowledgeable at STATE FARM who can explain and identify the current relationship between Defendant and Pilot Catastrophe Services; Structures Group Inc.; Forrest Masters, Phd.; and Surfbreak Engineering Sciences, Inc.

41. The person(s) most knowledgeable at STATE FARM regarding the licensing requirements of the State of Mississippi and whether Defendant's claims representatives, which would include those handling, adjusting and/or evaluating Plaintiff's claims, were properly licensed at the time of their assignment on Plaintiff's claims.

42. The configuration documentation and layout of the computers and/or networks used by State Farm to create, process, and/or store electronically stored information referencing or relating to the subject matters.

43. Archiving and backup systems and procedures available on computers and/or networks used by State Farm to create, process, and/or store electronically stored information referencing or relating to the subject matters, including, but not limited to:
    a. The names and version number of all software used for archiving and/or backup purposes
    b. Documentation of the archiving and/or backup systems and procedures, both on line and in paper form
    c. The criteria used to classify and move sets of electronically stored information for archiving
    d. Backup schedules and protocols
    e. The manner in which archive and backup sets of electronically stored information are organized, and tracking and logging of such information
    f. Storage of and access to archive and backup sets of electronically stored information, including the manner in which such information is written and retrieved and use of compression routines
    g. Storage media used for archive and backup purposes, including the manufacturer, model and type of such media
    h. Records of the existence, location and custodianship of archive and backup media, including inventories, databases, catalogs, logs, lists, and indexes of such media
    i. Media labeling conventions and all other codes and abbreviations used for archive and backup purposes.

44. Record retention plans, policies and procedures of State Farm applicable to electronically stored information referencing or relating to the subject matters, including, but not limited to:
    a. The contents of your retention plans, policies and procedures;
    b. Implementation of your retention plans, policies and procedures;
    c. Documentation, whether on line or in paper form, of your retention plans, policies and procedures; and
    d. Whether any changes have been made in your retention fields, headings, and other subdivisions appearing in e-mail messages, including, but not limited to, message numbers, message trails and/or sequences, message titles and subject matter lines, location of senders and recipients, dates of sending and receipt of messages;

45. All steps taken by you to preserve electronically stored information as evidence in connection with this action, including all steps taken to prevent or stop deletion,

        overwriting or modification of electronically stored information that may be relevant to this action.

46. Deletion, erasure and/or destruction of storage media including backup and/or archive sets of electronically stored information referencing or relating to the subject matters; damage to and/or destruction of media containing such electronically stored information, and logs and records of such activity.

47. The system utilities and application software programs available on computers and networks used by State Farm that have the capability of searching, retrieving, copying, writing, offloading, and/or exporting electronically stored information referencing or relating to the subject matters.

48. The e-mail and/or messaging systems used by State Farm to transmit or receive electronically stored information or other information referencing or relating to the subject matters, including, but not limited to, internal e-mail and external e-mail communications. (For the purpose of this item, "messaging systems" include paging systems, groupware, and other systems for which one of the primary purposes is transmission of documents or messages among users of your computers and/or network or between users of your computer and/or network and other such systems.) the deponent(s) should have knowledge regarding all aspects of your e-mail system(s), including, but not limited to, the following:
    a. Hardware and software used for e-mail and messaging functions
    b. Documentation for the e-mail and messaging system and its usage
    c. The nature and the location of directories and/or lists of e-mail or messaging system users, and all systems, codes and numbers identifying users
    d. Fields, headings and other subdivisions appearing in e-mail messages, including, but not limited to, message numbers, message trails and or sequences, message title and subject matter lines, locations of senders and recipients, dates of sending and receipt of messages
    e. Technical specifications for the creation, transmission and storage of messages, including, but not limited to, specifications as to host systems, gateways and routers, and electronically stored information files or sets in which messages are stored and the location of such information on the system
    f. Message logging functions
    g. Electronically stored information storage, backup and archiving activity specifically relating to e-mail and other messaging systems, including retention plans, guidelines, rules, standards, protocols, policies and procedures;
    h. Backup and/or archive media specifically relating to e-mail and other messaging systems, including inventories, databases, catalogs, logs, lists, indexes, and other documentation
    i. Format and character sets used to write messages, and encoding, encryption, decoding and decryption of messages; and
    j. Outside services for electronic mail and/or for information transmission and retrieval with which your computers and/or network is interconnected, including the name of the service, the time period during which your computers and/or

        network has been connected to it, the purposes for which the outside services are used, and which users of your computers an/or network are able to use such services.

49. Policies, procedures, guidelines, rules, standards, and protocols relating to the functioning and use of personal computers and local area networks which may have been used to create or process electronically stored information referencing or relating to the subject matters, including but not limited to:
   a. Availability and usage of particular application software to users
   b. Directory organization access, and naming conventions
   c. Storage of files of electronically stored information at local workstations and/or network servers
   d. Codes, abbreviations and naming conventions applicable to file and extension names
   e. Diskette storage and labeling
   f. Logging and recording user and file activity.

50. Systems for storing and retrieving recordings of telephone calls.

51. Any other information needed to identify, access, copy and read electronically stored information reflecting electronically-facilitated communications (via e-mail or otherwise) among State Farm personnel concerning Marion Lebon and Lisa Cowand, or any of them, or the events and transactions encompassed within the allegations of the complaints.

## SCHEDULE B

### II. DOCUMENTS REQUESTED TO BE BROUGHT TO THE EXAMINATION

1. All documents you reviewed in preparation for this deposition that you will rely on in providing your testimony.

2. All documents you reviewed in refreshing your recollection in preparation for your deposition testimony.

3. All <u>originals</u> of documents produced in Defendant's Pre-Disclosures and responses to Plaintiffs' Requests for Production, including all Supplemental responses.