IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RAYMOND LIZANA                                                    PLAINTIFF

VERSUS                                   CIVIL ACTION NO. 1:08cv501-LTS-MTP

STATE FARM FIRE & CASUALTY COMPANY                      DEFENDANT

## ORDER ON MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

This matter is before the court on the Plaintiff's Motion [82] to Quash Subpoena Duces Tecum and Motion [83] for Protective Order. Having considered the submissions of the parties and the applicable law, the court finds that Plaintiff's Motion [82] to Quash Subpoena Duces Tecum should be denied, and that Plaintiff's Motion [83] for Protective Order should be granted.

In his Motion to Quash [82], Plaintiff asks the court to quash the subpoena duces tecum issued by Defendant to Mississippi Development Authority, a non-party. Plaintiff generally claims that the subpoena seeks documents which may contain sensitive, private, and protected personal financial information, and which are overly broad and irrelevant. In response, Defendant claims, in part, that Plaintiff lacks standing to oppose the subpoena.

The Fifth Circuit has held that a non-party does not have standing to oppose a subpoena since the party is "not in possession of the materials subpoenaed and [has] not alleged any personal right or privilege with respect to the materials subpoenaed." *Brown v Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). The court recognizes that Plaintiff does assert a personal right or privilege to the subpoenaed documents, but finds that the proper avenue for opposing the requested documents is via a motion for protective order, which the Plaintiff has filed as discussed below. Accordingly, the motion to quash should be denied. *See also Durand v. Wal-Mart Associates, Inc.*, No. 2:09cv71 KS-MTP, 2009 WL 2181258, at *1-*2 (S.D. Miss. July 22, 2009).

Plaintiff also moved for a protective order regarding the documents at issue in the

subpoena duces tecum. Contrary to Plaintiff's assertions, the court finds that the documents requested in the subpoena duces tecum (Ex. A to Motion [83-2]) are relevant and are not overly-broad. While the Plaintiff loosely uses the term "privileged," he does not assert that the requested documents are protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege. Rather, the gist of his argument is that the documents may contain personal financial or other private information that should not be disclosed to other parties.

The Protective Order [39] entered in this matter addresses this very concern; however, it only affords protection to "Confidential Information" produced by the parties to this action.[1] The court finds good cause to extend the provisions of the existing Protective Order [39] to the documents to be produced pursuant to the subpoena at issue. Accordingly, the documents at issue will be deemed "Confidential Information" and subject to the provisions of the Protective Order [39] already in place. Accordingly,

IT IS, THEREFORE, ORDERED:

1. Plaintiff's Motion [82] to Quash is DENIED.

2. Plaintiffs' Motion for Protective Order [83] is GRANTED.

3. Small Business Administration shall promptly produce the documents demanded in the subpoena duces tecum.

4. The documents produced shall be subject to the Protective Order [39] entered in this action.

5. The Clerk of Court is directed to mail a copy of this order to Mississippi Development Authority, c/o Gary Swoope, 501 N. West Street, Jackson, MS

---

[1] Paragraph 13 of the Protective Order [39] also extends the provisions of the order to non-parties who produce records. However, the "non-party" involved here (the recipient of the subpoena duces tecum) has not invoked the protections afforded by the order.

39201.

6. Any other or further relief demanded in the Motion [83] is DENIED.

SO ORDERED this the 8th day of January, 2010.

s/ Michael T. Parker
United States Magistrate Judge