IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RAYMOND LIZANA** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO. 1:08cv501-LTS-MTP**

**STATE FARM FIRE & CASUALTY COMPANY** **DEFENDANT**

**ORDER**

THIS MATTER is before court on the Plaintiff's Motion [84] to Compel Information Regarding Defendant's Insurance Agreements for Liability, Reimbursement or Indemnification. Having considered the submissions of the parties and the applicable law, the court finds that Plaintiff's Motion [84] should be granted in part and denied in part.

In his Motion [84], Plaintiff seeks information regarding Defendant's insurance agreements for liability, reimbursement or indemnification. Specifically, Plaintiff seeks an order compelling a response to the following interrogatory:

> **INTERROGATORY NO. 24:** Describe any and all policies of insurance which you contend cover or might cover you for liability with regard to Bad Faith, Unfair Claims Practices, agent negligence and/or agent misrepresentation described in the subject Complaint, detailing as to such policies the name of the insurer, the number of the policy, the effect dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

The court notes that in the basis for the motion, Plaintiff claims the interrogatory seeks information it does not ask for; e.g., whether Defendant informed its insurer of liability or potential liability arising out of this action and whether State Farm notified its insurer of estimated values of Plaintiff's claims. *See* Motion [84] at 2. Defendant's response is not much help; it is unclear from Defendant's answer whether or not insurance agreements or other responsive documents actually exist.

The court finds that Plaintiff is entitled to receive and Defendant is required to produce

any insurance or indemnity agreement described in Federal Rule of Civil Procedure 26(a)(1)(A)(iv).  The rule requires production of "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."  Fed. R. Civ. P. 26(a)(1)(A)(iv).  To the extent Plaintiff's request seeks information beyond what is required in Rule 26(a)(1)(A)(iv), the motion is denied.  Accordingly,

    IT IS, THEREFORE, ORDERED:

1. That within ten days of the date of this Order, Defendant shall produce a copy of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

2. To the extent Plaintiff's motion seeks other relief, it is denied.

SO ORDERED this the 20th day of January, 2010.

                              s/ Michael T. Parker
                              United States Magistrate Judge