IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RAYMOND LIZANA**                                                         **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 1:08cv501-LTS-MTP**

**STATE FARM FIRE & CASUALTY COMPANY**                      **DEFENDANT**

**<u>ORDER</u>**

THIS MATTER is before court on the Plaintiff's Motion [74] to Compel Emails and Electronic Communications and Data. Having considered the submissions of the parties and the applicable law, the court finds that Plaintiff's Motion [74] should be granted in part and denied in part.

Plaintiff's motion comes late in the discovery process and long after the contested responses were served.[1] The motion comes especially late with respect to electronic discovery issues. The court addressed these issues at the Case Management Conference (CMC) and directed the parties to continue to confer and to then submit any disagreements to the court via motion. *See* Case Management Order [12] at ¶ 6(D). Plaintiff did not do so until filing this motion on December 10, 2009, almost ten months after the CMC and with the discovery deadline approaching. This motion is part of a bevy of motions to compel filed by Plaintiff which contain references to other cases, are supported by the same general boilerplate briefs, and which in many cases contain arguments that appear unrelated to the specific requests at issue.

---

[1] The Case Management Conference was held, and discovery began on February 18, 2009. *See* Case Management Order [12]. The disputed discovery responses were served on July 31, 2009 and August 24, 2009, and the discovery deadline is February 16, 2010. *See* Notice [33] of Service of Discovery; Notice [40] of Service of Discovery; Case Management Order [12]. Plaintiff filed this motion on December 10, 2009.

For its part, State Farm's responses to some of the requests leave the reader wondering what it actually produced once all of its objections and qualifiers are considered. Perhaps the sometimes convoluted responses were inevitable considering that many of the interrogatories and document requests consist of multiple compound questions, not the "succinct" questions directed by the Case Management Order. *See* Case Management Order [12] at ¶ 6(A). State Farm's Response [103] to the motion does provide some clarification.

After wading the through the material provided and after careful consideration, the court finds and orders as follows:

1. The motion is granted in part and denied in part as to interrogatory no. 21. The interrogatory at issue is far too broad and its scope far exceeds what is reasonable considering the considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues. *See* Fed. R. Civ. P. 26(b)(2)(C). If it has not already done so, State Farm shall produce a copy of all emails involving or related to the claims of Raymond Lizana that are the subject of this lawsuit. Any documents withheld on grounds of privilege or work product shall be identified in an appropriate privilege log. Additionally, unless identified in the emails produced, State Farm shall identify the person or persons who generated the email as requested in subpart (f) of the interrogatory. The motion to compel is denied as to the remainder of the information requested in the interrogatory.

2. The motion is granted as to request for production no. 7. From the response, it is clear that State Farm has produced the claim file and certain emails. However, if there is other correspondence between State Farm (or its agents or employees) and the Plaintiff (or his agents or employees) regarding Plaintiff's alleged Hurricane Katrina losses, these documents should be

produced.

       3.       The motion is granted in part and denied in part as to request for production no. 8. The request asks for communications relating to Plaintiff's experts, public adjusters, and/or other unidentified consultants. If State Farm has communicated with any expert witness designated by Plaintiff pursuant to Federal Rule of Civil Procedure 26(a)(2) about Plaintiff's claim, any documents containing those communications shall be produced. Except to that extent, the remainder of the request is denied.

       4.       The motion is granted in part and denied in part as to request for production no. 20. Rule 34 (b)(1)(A) of the Federal Rules of Civil Procedure provides that document requests "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34 (b)(1)(A). The sweeping nature of document request no. 20 violates this provision. Additionally, the request appears to demand production of certain information involving experts exceeding that allowed under the rules. Accordingly, the motion to compel must be denied in part. State Farm shall produce any correspondence or records specifically involving Plaintiff's claim arising out of Hurricane Katrina and any records supporting the defenses it asserts. With respect to retained experts who may testify in this matter, State Farm shall produce the report and information required by Fed. R. Civ. P. 26 (a)(2)(B) if it has not done so already. Additionally, State Farm shall produce any communications with such experts which relate to: "(I) compensation for the expert's study or testimony; (ii) identity of facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identity of assumptions that the party's attorney provided and that the expert relied upon in forming the opinions to be expressed." *See* U. L. Civ. R. 26 (a)(2)(E). No showing of exceptional circumstances having been made to justify discovery from consulting

experts or those retained solely for trial preparation purposes as required by Fed. R. Civ. P. 26(b)(4)(B), the motion is denied with respect to other experts not designated as one who may testify at trial. Except as set forth above, the motion is denied as to the remainder of document request no. 20.

    5.    The motion is denied as to requests nos. 22 and 24.

    6.    Any other relief demanded in the motion is denied.

SO ORDERED this the 20th day of January, 2010.

                                      s/ Michael T. Parker
                                      United States Magistrate Judge