IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RAYMOND LIZANA**                                                       **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 1:08cv501-LTS-MTP**

**STATE FARM FIRE & CASUALTY COMPANY**                   **DEFENDANT**

## ORDER

THIS MATTER is before court on the Plaintiff's Motion [76] to Compel Claims Handling and Claims practices Information and Data. Having considered the submissions of the parties and the applicable law, the court finds that Plaintiff's Motion [76] should be granted in part and denied in part.

This motion is part of a bevy of motions to compel filed by Plaintiff which contain references to other cases, are supported by the same general boilerplate briefs, and which in many cases contain arguments that appear unrelated to the specific requests at issue. The instant motion, like the others, comes late in the discovery process.[1]

For its part, State Farm's responses to some of the requests leave the reader wondering what it actually produced once all of its objections and qualifiers are considered. Perhaps the sometimes convoluted responses were inevitable considering that many of the interrogatories and document requests consist of multiple compound questions, not the "succinct" questions directed by the Case Management Order. *See* Case Management Order [12] at ¶ 6(A). State Farm's Response [100] to the motion does provide some clarification.

After wading the through the material provided and after careful consideration, the court

---

[1] The Case Management Conference was held, and discovery began on February 18, 2009. *See* Case Management Order [12]. The discovery deadline is February 16, 2010; Plaintiff filed this motion on December 10, 2009. *See* Case Management Order [12].

finds and orders as follows:

    1.    As to interrogatory no. 11, the motion is granted in part and denied in part. The request is unreasonably broad in scope as it requests information for a ten-year period and information about persons with knowledge of claims and procedures that may have no application whatsoever to the type of claim at issue this lawsuit. However, if it has not done so already, State Farm shall identify the individuals who determined, promulgated, or oversaw company policies and procedures for the evaluation, determination and payment (or denial) of Plaintiff's claim. To the extent the motion demands other relief with respect to this interrogatory, it is denied.

    2.    As to interrogatory no. 12, the motion is granted in part and denied in part. As with interrogatory no. 11, the request is unreasonably broad in time and scope. Moreover, the interrogatory contains numerous subparts in contravention of the Case Management Order's requirement of separate and succinct questions. *See* Case Management Order [12] at ¶ 6(A). State Farm has responded to the interrogatory and provides some clarification in its response to the motion. Nevertheless, it remains unclear as to what State Farm has provided to date. Accordingly, State Farm shall produce any guidelines, procedures, or policies applicable to the handling, evaluation, determination and payment (or denial) of Plaintiff's claim. To the extent the motion demands other relief with respect to this interrogatory, it is denied.

    3.    As to interrogatory no. 15, the motion is denied. However, Plaintiff may depose the adjusters who handled his particular claim and make inquiry regarding financial incentives, if any.

    4.    As to request for production no. 4, the motion is denied. The request calls for every "public" complaint made by anyone about a hurricane claim since 1995. In its

submissions, Plaintiff declines to limit the scope of the request in any way.

    5.    As to request for production no. 11, the motion is granted in part and denied in part. This request was addressed in large part by the ruling for interrogatory no. 12, above. State Farm shall produce any claims manuals, bulletins, memoranda, directives, letters, and other forms of written or computerized communication applicable to the handling and adjustment of Plaintiff's claim. The court further finds that the production of documents in .pdf format is sufficient. To the extent the motion demands other relief with respect to this request, it is denied.

    6.    The motion is denied as to request for production no. 13. The request duplicates other document requests and/or interrogatories already addressed by the court. Issues surrounding incentives and compensation were addressed the court's ruling on interrogatory no. 15 above. Information regarding applicable claims handling policies and procedures were addressed in the court's ruling on document request no. 11.

    7.    The motion is denied as to request for production no. 14. To the extent the request seeks property claim handling procedures for claims such as Plaintiff's, the court has already ordered Defendant to produce such documents as set forth above. To the extent the motion demands other relief with respect to this request, it is denied.

    8.    The motion is denied as to request for production no. 15. Documents relating to discussions of Plaintiff's claim were produced as part of the claim file. The identities of the individuals involved in the handling of Plaintiff's claim have been provided.

    9.    The motion is denied as to request for production no. 16. Like many of the requests at issue, it contains numerous subparts in violation of the Case Management Order's requirement of succinct questions. Moreover, the request is unreasonably vague, even going so far as to request "etc." The court has already ordered Defendant to produce the policies and

procedures relating to the handling and adjustment of Plaintiff's claim, which should include the policies and procedures for the handling of claims similar to Plaintiff's.

10. Any other relief requested in the motion is denied.

11. The Defendant shall produce the documents and information as directed by this Order within ten days.

SO ORDERED this the 20th day of January, 2010.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge