**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**RAYMOND LIZANA**                                                                                          **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 1:08cv501-LTS-MTP**

**STATE FARM FIRE & CASUALTY COMPANY**                                           **DEFENDANT**

**ORDER**

THIS MATTER is before court on the Plaintiff's Motion [87] to Compel Claims Investigation and Claims Adjustment Information and Data. Having considered the submissions of the parties and the applicable law, the court finds that Plaintiff's Motion [87] should be granted in part and denied in part.

The instant motion is one in a series of motions to compel filed by Plaintiff seeking to re-plow the already well-tilled soil that is Katrina litigation discovery. Plaintiff's latest discovery motion seeks to expand discovery with a series of lengthy compound questions or requests of unreasonable scope. As noted in prior rulings, State Farm's responses to many of the requests are not a model of clarity. The responses often invoke numerous objections and qualifiers leaving the reader unclear as to exactly what information State Farm ultimately provided.

Unable to resolve even the most basic issues among themselves, the parties have essentially ceded complete control of the discovery process to the court. The motions, supporting memoranda, and attached documents as of this writing exceed one thousand pages.[1]

---

[1] Between December 10, 2009 and December 30, 2009, Plaintiff filed the following discovery motions: Motion to Compel Emails and Supporting Memoranda [74][75]; Motion to Compel Claims Handling and Claims Practices Information and Data and Supporting Memoranda [76][77]; Motions to Quash Subpoenas and/or for Protective Orders [78][79][80][81][82][83]; Motion to Compel Insurance Agreements and Supporting Memoranda [84][85]; Motion to Compel Claims Investigation and Claims Adjustment Information and Data and Supporting Memoranda [87][88]; and Motion to Compel Rule 30(b)(6) Deposition and Supporting Memoranda [93][94].

While certainly the issues involved are important to the litigants and the court is mindful that the case involves claims for extra contractual or punitive damages, the discovery requested and the attention devoted to it is far out of proportion with what is reasonable and necessary to get this case to trial and to ensure a fair trial for all parties.

Having waded through the mounds of material submitted to it and after careful consideration, the court finds and orders and follows:

1.  The motion is granted in part and denied in part as to interrogatory no. 4. Although about 200 words long and containing numerous subparts in violation of the Case Management Order's requirement of succinct questions,[2] the interrogatory appears to request the identity of any State Farm employees (or others) who investigated or adjusted Plaintiff's claim for property damage that is the subject of this action, including the person's title and a very brief description of their involvement with the claim. To that extent, it is reasonable and succinct and State Farm must answer it in writing (as opposed to reference to a large group of documents) if it has not done so already. If any individuals identified in the response do not work for State Farm or no longer work for State Farm, Defendant shall provide the contact information for those individuals. Except as set forth above, the motion is denied as to the remainder of the request.

2.  The motion is denied as to interrogatory no. 5. The previous interrogatory, as interpreted and restated by the court, calls for essentially the same information as the previous interrogatory.

3.  The motion is denied as to interrogatory no. 6. Production of the claim file sufficiently responds to this interrogatory regarding investigation of the claim. Nothing prevents

---

[2] *See* Case Management Order [12] at ¶ 6(A).

or prevented Plaintiff from directing clarifying deposition questions to State Farm about the handling of the claim.

4.   The motion is granted in part and denied in part as to interrogatory no. 7.  Plaintiff appears to be asking for information about payments made to him.  If it has not done so already, State Farm shall provide the amount of each payment made to Plaintiff, the date of the payment and a brief explanation of the reason for the payment.  Otherwise, the motion is denied with respect to this interrogatory.

5.   The motion is granted in part and denied in part as to interrogatory no. 13.  In lieu of "identifying" manuals and documents, State Farm shall produce the training materials or manuals used to train the individuals involved in the handling of Plaintiff's claim.  From State Farm's submissions in response to the motion it appears that this information may have been provided.  However, one cannot reach that conclusion by reading State Farm's response to the interrogatory.  Except as set forth above, the motion is denied as to the remainder of this compound interrogatory.

6.   The motion is denied as to interrogatory no. 14.  Information about or production of manuals, guidelines and training procedures has already been addressed in this order and others.  *See supra*, ¶ 5; *see also* Order [125] at ¶¶ 5-7.

7.   The motion is denied as to interrogatory no. 28.  State Farm has provided information, including the engineer's report generated by the experts, in response to this interrogatory.

8.   The motion is denied as to request for production no. 9.  Although it certainly is not clear from State Farm's response to the request, State Farm now says unequivocally in its response to the motion, that the responsive documents have been produced.  *See* Response [119],

¶¶ 44, 45. As to Plaintiff's format issues, Plaintiff has not established in this or other requests any reason to now require documents to be produced in another format at the eleventh hour.

9. The motion is denied as to request for production no. 10. Although it certainly is not clear from State Farm's response to the request, State Farm now says unequivocally in its response to the motion, that the responsive documents have been produced with the claim file. *See* Response [119], ¶ 49. As to Plaintiff's format issues, Plaintiff has not established in this or other requests any reason to now require documents to be produced in another format.

10. The motion is denied as to request for production no. 11. Production of relevant claims manuals and procedures has been addressed in other parts of this and other orders. Moreover, State Farm states in its response that it "has produced the requested documents." *See* Response [119], ¶ 61.

11. The motion is denied as to request for production no. 18. Although it certainly is not clear from State Farm's initial response to the request, State Farm now says unequivocally in its response to the motion, that "all responsive documents have been provided." *See* Response [119], ¶ 63. As to Plaintiff's format issue, Plaintiff has not established in this or other requests any reason to now require documents to be produced in another format.

12. The motion is denied as to request for production no. 19. Elsewhere in this order, State Farm has been directed to provide information regarding payments made to Plaintiff. Additionally, Plaintiff has been provided with supporting documentation in the claim file. This is more than sufficient.

13. As noted above, Plaintiff has filed numerous motions to compel in this matter. For whatever reason, the motions come near the close of discovery, nearly a year after discovery started and months after the disputed responses were served. As stated above, many of the

requests are duplicative and excessive and, even to the limited extent granted, the motions come far too late in the process to be of much benefit. *See* U. L. Civ. R. 7(b)(2)(B). That is especially true as to issues of electronic discovery.[3]

14.   The court has attempted to address each disputed discovery response identified in the motions. However, to extent that Plaintiff attempts to raise additional issues or request relief in supporting legal memoranda, the court declines to consider them further as requests for relief are to be made via motion as required by Fed. R. Civ. P. 7(b) and U. L. Civ. R. 7(b).

15.   Any other relief requested in the motion is denied.

16.   The Defendant shall produce any documents or information directed by this Order within ten days.

SO ORDERED this the 22nd day of January, 2010.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge

---

[3] In the Case Management Order [12] entered on February 18, 2009, the parties were directed to confer about electronic discovery issues and bring any disputes before the court via motion. The motion at issue was filed on Christmas Eve, 2009, some ten months after the Case Management Order [12] was entered.