IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RAYMOND LIZANA                                                                                 PLAINTIFF

VS.                                                     CAUSE NUMBER: 1:08CV501-LTS-MTP

STATE FARM FIRE AND CASUALTY COMPANY                            DEFENDANT
_____

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL 30(b)(6) DEPONENT AND 30(b)(2) DOCUMENTS [93,94] AND MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFF'S NOTICE OF 30(b)(6) VIDEO DEPOSITION [101]**
_____

COMES NOW, Defendant, State Farm Fire & Casualty Company (hereinafter "State Farm"), by and through the undersigned counsel, and pursuant to Rule 26 of the Federal Rules of Civil Procedure, and respectfully files *Defendant's Response to Plaintiff's Motion to Compel 30(b)(6) Deponent and 30(b)(2) Documents* [93, 94] and *Motion for Protective Order Regarding Plaintiff's Notice of 30(b)(6) Video Deposition* [101], stating as follows:

I. INTRODUCTION and PROCEDURAL POSTURE

This is Plaintiff's second motion to compel a 30(b)(6) deposition. In the first instance – without consultation or coordination with State Farm's counsel – Plaintiff arbitrarily filed his first *Notice of 30(b)(6) Deposition and Issuance of Subpoena Duces Tecum* on 30 October 2009 [49]. Plaintiff's notice contained sixty-five (65) separately itemized topics and sixty-eight (68) additional sub-parts. State Farm filed a motion for a protective order [56]. After reviewing State Farm's motion, Plaintiff's response in opposition [57] and State Farm's rebuttal [60], this court granted State Farm's motion for a protective order [63], adopted orders from *Perkins* [117] and *Marion* [200, 228, 231], and instructed Plaintiff as to the following course of action:

The court agrees with the reasoning set forth in Order [68] in the *New Light Baptist Church* case and finds that the best course of action in this matter is to require Plaintiff to review the court's Orders [200, 228, 231] in *Marion v. State Farm*, 1:06cv969-LTS-RHW, and the court's Order [117] in *Perkins v. State Farm*, civil action no. 1:07cv116-LTS-RHW regarding the appropriate scope of reasonable discovery, and **to revise and confine his notices of deposition in this case to areas of inquiry which relate to the specific claims in Plaintiff's complaint** consistent with the court's prior rulings in *Marion* and *Perkins*. The court also directs Plaintiff, after reviewing the orders, to confer with defense counsel in a good faith effort to agree on the scope of the depositions." (Emphasis added).

With what could best be described as a "nod" to the Court's admonition above, Plaintiff submitted a "revised" proposed 30(b)(6) notice which, as will be discussed further below, remedied none of the problems with the original notice. Counsel for State Farm again wrote counsel Plaintiff on 22 December 2009 in an effort to confer so as to reach an agreement on the areas of inquiry. (22 December 2009 correspondence, Exhibit "A"). Plaintiff's counsel ignored this effort, and on 30 December 2009 Plaintiff filed his second *Plaintiff's Motion to Compel 30(b)(6) Deponent and 30(b)(2) Documents with Plaintiff's Incorporated Memorandum in Support* [93, 94].[1] Section I of the motion is entitled "Matters on Which Examination is Requested," spans thirty-one (31) pages, and contains fifty-one (51) requests pertinent to the 30(b)(6)deponent and three (3) requests pertinent to the 30(b)(2) Documents Requested.

State Farm has agreed to produce Sharonna Miller (hereinafter "Miller") as its Rule 30(b)(6) witness on 9 February 2010 in Jacksonville, Florida. Reflecting this agreement, Plaintiff filed his *Notice of 30(b)(6) Video Deposition and Issuance of Deposition Subpoena Duce Tecum* naming Miller as the deponent[101]. Although the notice purports to attach "Schedule B," no Schedule B was attached. As Schedule B was described by Plaintiff as containing a description of "all matters

---

[1] On 4 January 2010 Docket Annotation notes that docket #93 was incorrectly filed, causing Plaintiff to re-file the motion on that same date as docket #94.

described below as they relate to the occurrence made the basis of Plaintiff's Complaint," State Farm can only surmise that Schedule B mirrors the "Matters on Which Examination is Requested, " which was made a part of Plaintiff's Motion to Compel [93, 94].

## II. DISCUSSION

**A.     The scope of 30(b)(6) depositions in Katrina litigation has been well established.**

The *Marion* and *Perkins* Orders collectively stand for the proposition that inquiries into the drafting, history, intent and meaning of the terms, limitations, exclusions and conditions of the insurance contract, as well as those contained in State Farm's corporate policies and procedures, are irrelevant because "the ultimate question of contract interpretation resides with the Court" and "proof of State Farm's application of the contract provisions is evident in how State Farm adjusted the . . . claim." *Marion* [200] p. 8. Inquiries into contract terms and corporate policies and procedures are only relevant as they relate "to the general interpretation and application of the policy terms and the specific application of these policy terms to this case." *Marion* [231] p. 2. Furthermore, discovery should be limited to those contract terms and/or corporate policies and procedures which were actually relied upon or utilized by State Farm during its adjustment of Plaintiff's claim. *Marion* [231] p. 5. Plaintiff should not be allowed to pursue unfettered discovery or to engage in harassment or annoyance when "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Marion* [228]. Nor should State Farm be "obligated to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy." *Marion* [200] p. 8.

Plaintiff's topics are further objectionable in that they call for production of "[t]he person(s) most knowledgeable." This demand is beyond the scope of permissible discovery. State Farm is

only required to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." FED. R. CIV. P. 30(b)(6). Plaintiff's topics are also objectionable in that they have the potential to seek information protected as attorney/client communication or pursuant to the work-product doctrine and to see information that is confidential, proprietary, or trade secret and subject to the Mississippi Trade Secret Act. To the extent necessary, the testimony of State Farm's corporate representatives(s) and any related document production should be subject to the Protective Order [39] regarding confidential information previously entered by the court in this matter.

**B.  In two other cases, a duplicate 30(b)(6) notice has been found to be grossly overbroad and improper.**

On 30 December 2009 in *Lebon v. State Farm,* 1:08cv509 LTS-RHW, Plaintiffs (represented by the same counsel as in the instant case) filed a Notice [97]of 30(b)(6) deposition which substantially duplicates that at issue in this case. That Notice was accompanied by a Motion to Compel [98] which is a duplicate of that filed in the instant case. Also, 30 December 2009 in *New Light Baptist Church v. State Farm*, 1:08-560 HSO-RHW, Plaintiffs (also represented by the same counsel as in the instant case) filed a Motion to Compel [86] a 30(b)(6) deposition which is a duplicate of that filed in the instant case.

After briefing, the Court entered orders in both cases on 13 January 2010 (*Lebon* Order [112], *New Light* Order [96]). The Court ruled that State Farm was to produce a 30(b)(6) deponent in both cases (at it had already agreed to do), but was not required to produce a deponent "for any areas of inquiry that this Court as previously ruled is beyond the scope of discovery," referencing the *Marion* and *Perkins* orders. The Court ruled that State Farm had no obligation to produce

documents requested by the "overbroad and cumulative" document requests.

**C.    State Farm intends to comply with the Court's prior rulings regarding the scope of a 30(b)(6) deposition.**

State Farm has agreed to produce Sharonna Miller as a 30(b)(6) deponent to testify in accordance with the Court's prior rulings in *Marion* and *Perkins*. That deposition is scheduled for 9 February 2010.

**D.    Specific responses to Plaintiff's requests.**

State Farm offers the following responses to Plaintiff's requests as set forth in Section I: Matters on Which Examination is Requested as contained in Plaintiff's motion to compel [93,94]. As an aid to the court, a reference to the duplicative request as appearing in Plaintiff's first motion to compel is set forth in parenthesis.

### MATTERS ON WHICH EXAMINATION IS REQUESTED

**RESPONSE TO REQUEST NO. 1-2** (1-2): Subject to the objections as a stated in the foregoing and pursuant to the *Marion* and *Perkins* Orders State Farm has agreed to produce Miller as its Rule 30(b)(6) witness on 9 February 2010 in Jacksonville, Florida.

**RESPONSE TO REQUEST NO. 3** (3): State Farm objects to Request No. 3 to the extent that it calls for a legal conclusion. Subject to and without waiving said objection and pursuant to the *Marion* and *Perkins* Orders State Farm has agreed to produce Miller as its Rule 30(b)(6) witness on 9 February 2010 in Jacksonville, Florida.

**RESPONSE TO REQUEST NO. 4 - 6** (4 -6): State Farm objects to Requests No. 4 -6 as being overly broad in scope and a request for information already provided Plaintiff. State Farm has already identified the persons involved in the adjustment of Plaintiff's Hurricane Katrina claim, and the position each person held with State Farm at the time of his/her involvement in the adjustment

process. Moreover, "individuals involved in handling Plaintiffs' claims are the ones to whom these inquiries should be directed, rather than a corporate representative." *Perkins* Order [117] p. 7. Subject to and without waiving said objections and pursuant to the *Marion* and *Perkins* Orders, State Farm has agreed to produce Miller as its Rule 30(b)(6) witness on 9 February 2010 in Jacksonville, Florida.

**RESPONSE TO REQUEST NO. 7 - 8** (7-8): State Farm will produce a corporate representative who can testify to the "general interpretation and application of the policy terms and the specific application of the policy terms in this case. . . . ." *Marion* Order [231] p. 2. Pursuant to the *Marion* and *Perkins* Orders State Farm has agreed to produce Miller as its Rule 30(b)(6) witness on 9 February 2010 in Jacksonville, Florida.

**RESPONSE TO REQUEST NO. 9** (9): Pursuant to the *Marion* and *Perkins* Orders State Farm will produce a corporate representative who can testify in response to Request No. 9, as long as the inquiry is not invasive of attorney-client and work product privileges.

**RESPONSE TO REQUEST NO. 10 -11** (10 -11): State Farm objects to Request No. 10 and 11. Although these requests fail to identify the information sought with reasonable particularity, they clearly seek to elicit legal conclusions and invade the attorney/client and work-product privileges as responding to discovery is a collaborative effort between attorney and their client.

**RESPONSE TO REQUEST NO. 12** (12): State Farm objects to the request as being vague and ambiguous as to the meaning of "generally accepted standards for the investigation, evaluation, determination and remediation of water damage and wind damage." The request is argumentative and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, and pursuant to the *Marion* and *Perkins* Orders State Farm has

agreed to produce Miller as its Rule 30(b)(6) witness on 9 February 2010 in Jacksonville, Florida.

**RESPONSE TO REQUEST NO. 13** (13): See Response to No. 10. State Farm has responded to all of Plaintiff's discovery requests in a timely manner, and confirms that there are no outstanding discovery requests.

**RESPONSE TO REQUEST NO. 14** (14): State Farm objects to Request No. 14 as being excessively broad. "The insurance policy contains whatever exclusions may apply, and the Court finds that the individuals involved in handling Plaintiffs' claims are the ones to whom these inquires should be directed, rather than the corporate representative . . . ." *Perkins*[117] p. 7.

**RESPONSE TO NO. 15** (15): State Farm objects to this area of inquiry deals primarily with discovery. State Farm has already produced the claim file, and pursuant to the *Marion* and *Perkins* Orders State Farm will produce a corporate representative who can testify in response to Request No. 15. However, "[t]he Court does not require Defendants' corporate representative to possess a detailed knowledge of each of the files produced as part of the 30(b)(6) deposition." *Marion* [231] p. 8.

**RESPONSE TO NO. 16** (16): State Farm objects to this area of inquiry as it deals primarily with discovery. State Farm has already produced the underwriting files, and pursuant to the *Marion* and *Perkins* Orders State Farm will produce a corporate representative who can testify in response to Request No. 15. However, "[t]he Court does not require Defendants' corporate representative to possess a detailed knowledge of each of the files produced as part of the 30(b)(6) deposition." *Marion* [231] p. 8.

**RESPONSE TO NO. 17** (17): State Farm objects to Request No. 17 as being overly broad in scope, time and geographic location, and seek information not relevant to the claims/defenses of the

parties in this case. State Farm is not obliged to produce every document that arguably touches on the interpretation and/or application of a standard homeowners' policy. Marion [200] p. 8. State Farm has produced relevant training materials in response to Plaintiff's requests for production. Pursuant to the *Perkins* Order document production should be limited to those documents specific to Plaintiff's Hurricane Katrina claim. *Perkins* [117] p. 5.

**RESPONSE TO NO. 18** (19): State Farm objects to Request No. 18 as it is overly broad and unduly burdensome, and seek irrelevant information, which is invasive of the privacy rights of the subject individuals (whom, notably, have not been identified with any reasonable degree of particularity) are not reasonably calculated to lead to the discovery of admissible evidence. In *Perkins* the court quashed the document request for evidence of specific qualifications of each person involved in the adjustment process, as that was an inquiry that Plaintiff may make of those individuals. *Perkins* [117] p. 4.

**RESPONSE TO NO. 19** (20): State Farm objects to Request No. 19 as it is indecipherable, vague, ambiguous or confusing as written and fails to identify the information sought with reasonable particularity. That said, this request appears to seek irrelevant information related to State Farm's personnel manuals and incentive programs such as retirement plans offered to employees throughout Mississippi from 2005 - 2009. This topic is unrelated to the claims at issue in this case, not reasonably calculated to lead to the discovery of admissible evidence, over broad, unduly burdensome and beyond the scope of discovery. In *Perkins* the court limited "Plaintiffs' inquiry to the policies and procedures specific to the training of adjusters who worked on Plaintiffs' claims." *Perkins* [117] p. 5.

**RESPONSE TO NO. 20** (21): State Farm objects to Request No. 20 as being vague and ambiguous

as to the meaning of "Defendant's loss reserve history with regard to Plaintiff's claims" and in other material ways. Subject to and without waiving said objections State Farm will produce Miller who will testify to this request.

**RESPONSE TO NO. 21 - 29** (22-24, 26-31): State Farm objects as these requests are indecipherable, vague, ambiguous or confusing as written and fails to identify the information sought with reasonable particularity. These requests are unrelated to the claims at issue in this case, not reasonably calculated to lead to the discovery of admissible evidence, over broad, unduly burdensome and beyond the scope of discovery. State Farm will produce a corporate representative to testify about the adjustment of Plaintiff's claim under the terms of the homeowner's policy. *Marion* [231] p. 8.

**RESPONSE TO NO. 30** (45)**:** State Farm objects to Request No. 30 as it requests irrelevant information. This topic is unrelated to the claim at issue in this case, over broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, State Farm does not reinsure its coverage.

**RESPONSE TO NO. 31** (38): State Farm objects to Request No. 31 as it seeks irrelevant information related to "any awards of punitive damages" from 2005 - 2009. This topic is unrelated to the claims at issue in this case, not reasonably calculated to lead to the discovery of admissible evidence, over broad, unduly burdensome and beyond the scope of discovery.

**RESPONSE TO NO. 32** (40): State Farm objects to Request No. 32 as it is requests irrelevant information related to "special examination reports," "Market Conduct Report" by the Mississippi Department of Insurance for 2004-2009. These topics are overly broad, unduly burdensome, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery

of admissible evidence.

**RESPONSE TO No. 33** (41): State Farm object to Request No. 33 on the basis that it is vague, ambiguous or confusing as written and fails to identify the information sought with reasonable particularity. That said, it appears to seek information regarding minimum state claim processing standards and model laws, which would call for a legal conclusion, would be unrelated to the claims at issue in this case and would not be reasonably calculated to lead to the discovery of admissible evidence. This topic appears to have nothing to do with the subject matter of the litigation. *Perkins* [117] p. 3.

**RESPONSE TO NO. 34** (42): State Farm objects to Request No. 34 on the basis that it is indecipherable, vague, ambiguous or confusing as written and fails to identify the information sought with reasonable particularity. That said, it appears to seek information regarding underwriting procedures and systems, which would be irrelevant, over broad, unduly burdensome, unrelated to the claims at issue in this case and not reasonably calculate to lead to the discovery of admissible evidence. This topic appears to have nothing to do with the subject matter of the litigation. *Perkins* [117] p. 3.

**RESPONSE TO NO. 35** (46): State Farm objects to Request No. 35 on the basis that it is indecipherable, vague, ambiguous or confusing as written and fails to identify the information sought with reasonable particularity. That said, it appears to seek information and documentation related to State Farm's document retention program. This topic is over broad and unduly burdensome and seeks information, which is irrelevant, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence. Moreover, "[t]hese areas of inquiry deal primarily with discovery and not the actual substance of Plaintiffs' claims."

*Marion* [231] p. 3.

**RESPONSE TO NO. 36, 37, & 38** (47, 48, & 49): State Farm objects to Requests No. 36, 37 and 38 on the basis that they seek irrelevant information and documentation related to other litigation and "bad faith litigation suits"; "all judgments"; and "awards of punitive damages and/or extra-contractual damages" against State Farm in the State of Mississippi from 2005 - 2009. As repeatedly stated by this court, these topics are unrelated to the claims at issue in this lawsuit and are not reasonably calculated to lead to the discovery of admissible evidence, over broad, unduly burdensome and beyond the scope of discovery.

**RESPONSE TO No. 39 & 40** (54 & 55): State Farm objects to Requests No. 39 and 40 on the basis that they are vague, ambiguous or confusing as written and fail to identify the information sought with reasonable particularity. That said, they appear to seek information and documentation related to State Farm's "current relationships" with vendors and expert witnesses whom it employed during the adjustment of Hurricane Katrina losses and/or during the resulting litigation. There topics are argumentative, over broad and unduly burdensome and seek information, which is irrelevant, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objection, State Farm identified in its Core Disclosures the persons involved in the adjustment of Plaintiff's insurance claim and stated the position held with State Farm at the time of his/her involvement in the adjustment process. *Perkins* Order [117] p. 4. Specifically, State Farm has made available for deposition Suzanne Laliberte, the Pilot Catastrophe Services Independent Claim Adjuster [97], and has provided dates for the other parties listed in Plaintiff's requests. However, Plaintiff has failed to confirm depositions dates. See Exhibits B & C. Pursuant to *Perkins* Plaintiff can make inquiry of those individuals at their

deposition.

**RESPONSE TO NO. 41** (62): State Farm objects to Request No. 41, which seeks information "regarding the licensing requirements of the State of Mississippi" and whether State Farm's representatives were "properly licensed" on the basis that it is argumentative. It calls for a legal conclusion, is over broad and unduly burdensome and seeks information, which is irrelevant, unrelated to the claims at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE TO NO. 42-51:** State Farm objects to Requests No. 42-51 on the basis that State Farm's information system network is beyond the scope of permissible discovery. *Marion* [231] p. 3. "These areas of inquiry deal primarily with discovery and not the actual substance of Plaintiffs' claims. Rather than seeking information that is relevant to Plaintiffs' claims, these topics seek to examine the intricacies of State Farm's electronic storage, retrieval and communication methods." *Id*. State Farm will produce a 30(b)(6) deponent who can explain claim file codes in the information that has been produced specific to Plaintiff.

**30(b)(2) DOCUMENTS REQUESTED**

**RESPONSE TO REQUEST NO. 3** (3)**:** State Farm objects to Request No. 3 on the basis that producing "[a]ll originals of document produced in Defendant's Pre-Disclosures and responses to Plaintiff's Requests for Production, including all Supplemental responses" is are overly broad and unduly burdensome.

  WHEREFORE, PREMISES CONSIDERED, State Farm respectfully requests that the court enter a Protective Order forbidding inquiry into certain matters and/or limiting the scope of discovery as detailed above. Given that the court has already addressed these same issues in *Marion*

and *Perkins* and issued Orders in both cases, which have been adopted in this case and upon which State Farm relies, State Farm would ask to be relieved from the obligation of filing a separate Brief in Support of its Motion. State Farm would further request that the court sanction Plaintiff for filing a second motion to compel, which is nothing more than a duplication of Plaintiff's first motion to compel – a motion that this court found exceeded the scope as set forth in the Orders of *Marion* and *Perkins*. State Farm would further request any additional relief the court may find warranted in the premises.

                                            Respectfully submitted,

                                            STATE FARM FIRE AND CASUALTY COMPANY

                                            HICKMAN, GOZA & SPRAGINS, PLLC
                                            Attorneys at Law
                                            Post Office Drawer 668
                                            Oxford, MS 38655-0668
                                            (662) 234-4000

                                            BY:  */s/ H. Scot Spragins*
                                                  H. SCOT SPRAGINS, MSB # 7748

**CERTIFICATE OF SERVICE**

I, H. SCOT SPRAGINS, one of the attorneys for the Defendant, STATE FARM FIRE & CASUALTY COMPANY, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

DATED, this the 25th day of January, 2010.

*/s/ H. Scot Spragins*
H. SCOT SPRAGINS

H. SCOT SPRAGINS, MSB # 7748
HICKMAN, GOZA & SPRAGINS, PLLC
Attorneys at Law
Post Office Drawer 668
Oxford, MS 38655-0668
(662) 234-4000