## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

RAYMOND LIZANA                                                                PLAINTIFF

VERSUS                                           CIVIL ACTION NO.  1:08cv501-LTS-MTP

STATE FARM FIRE & CASUALTY COMPANY                              DEFENDANT

## ORDER

This matter is before the court on the Plaintiff's Motion [93] to Compel Rule 30(b)(6) Deposition and the Defendant's Motion [130] for Protective Order.  The court, having considered the motions, finds that they should be granted in part and denied in part.

The instant Motion to Compel [93] is yet another motion in Plaintiff's series of last-minute motions to compel discovery filed in this action by a policy-holder for damages to his property resulting from Hurricane Katrina.  From the standpoint of the issues raised in the complaint, this case is unremarkable.  It raises issues that have been before the court in scores of other cases and, accordingly, involves discovery issues raised and addressed in other cases.[1]

Plaintiff filed his initial Notice of Rule 30(b)(6) video deposition of State Farm Fire and Casualty Company ("State Farm") [49] and issuance of deposition subpoenas duces tecum on October 30, 2009, with depositions scheduled for December 14, 2009 and December 15, 2009. The Notice [49] of Rule 30(b)(6) deposition for State Farm contained some 65 separate itemized topics and scores of subparts.  The notice was facially unreasonable and vexatious and the deposition was set on a day arbitrarily chosen by Plaintiff.  In response, Defendant filed a Motion [56] for Protective Order, seeking to limit the areas of inquiry in the depositions to

---

[1]While the issues raised herein are common to many cases, the devastation caused by the storm was of historic proportions and the hardships suffered by so many cannot be overstated.

policies and procedures directly related to its adjustment of Plaintiff's claim, and presenting

objections to particular topics it contends exceed the bounds of discovery regarding Plaintiff's

claim.

The court granted Defendant's Motion [56], finding that the best course of action was to

require Plaintiff to review the court's Orders [200, 228, 231] in *Marion v. State Farm*, No.

1:06cv969-LTS-RHW, and the court's Order [117] in *Perkins v. State Farm*, No. 1:07cv116-

LTS-RHW, regarding the appropriate scope of reasonable discovery, and to revise and confine

his notice of deposition in this case to areas of inquiry which relate to the specific claims in his

complaint consistent with the court's prior rulings in *Marion* and *Perkins*.[2]  The court also

directed Plaintiff, after reviewing the orders, to confer with defense counsel in a good faith effort

to agree on the scope of the  depositions.  The court anticipated that such a process would

resolve many of the issues involved or a least narrow the areas of dispute to a few discrete

issues.

Rather than confer in good faith, the parties apparently exchanged "position letters" and

the instant motions followed.[3]  In the instant or second Motion [93] to Compel Rule 30(b)(6)

Deposition of State Farm, filed on December 30, 2009, Plaintiff states that the parties have been

unable to agree as to the scope of the topics at issue after reviewing the *Marion* and *Perkins*

orders referenced above.  This second motion to compel is accompanied by a good faith

---

[2]This finding was consistent with the reasoning set forth in U.S. Magistrate Judge Robert
Walker's Order [68] in the *New Light Baptist Church* case, a Katrina case involving the same
law firms in this matter.  *See New Light Baptist Church v. State Farm Fire & Casualty Co.*, No.
1:08-cv-560-HSO-RHW, Order [68].

[3]*See*, *e.g.*, Ex. A to Response [129].

certificate of Plaintiff's choosing and not the one required by Local Uniform Civil Rule 37(a).[4]

The substitute certificate does not contain the signatures of all counsel or explain in an affidavit

what prevented a proper certificate from being obtained.  Rather, the certificate contains the

observation that the parties could not agree on the scope of inquiry and the application of this

court's prior orders on discovery issues in this case.  Neither the certificate nor the motion

reveals the specifics of the disagreement so that the court might confine itself to those issues.

Instead, after paying lip service to the good faith requirement, Plaintiff plows into an argument

over every single topic in the new, but unfortunately not much improved, 51-topic Rule 30(b)(6)

deposition notice at issue.  Apparently, common ground could not be found on any one of the 51

proposed deposition topics.

    Not to be outdone, State Farm has filed a Motion for Protective Order [130] to limit the

scope of the deposition.  It unilaterally excuses itself from the requirement of a good faith

certificate as required by L.U. Civ. R. 37.  No certificate or affidavit of any kind is attached to

the motion, although State Farm does attach letters indicating that it, too, "nodded" at the good

faith requirements of the local rules by simply restating portions of the court's prior orders in a

letter.[5]  With the discovery deadline of February 16, 2010 looming, the court is faced with the

choice of further delaying this matter by ordering a good faith conference to address the issues or

to craft a ruling now that will allow a deposition to be completed within the present discovery

---

[4]This motion could be denied on that basis alone pursuant to L.U. Civ. R. 37(c).

[5]In its response State Farm complained that Plaintiff gave only a "nod" to the good faith
requirements.  *See* Response [129] at 2.

deadline and the issues to be tried as scheduled.  The court reluctantly chooses the latter.[6]

In so choosing, the court denies Plaintiff's request to extend the discovery deadline by

sixty days.  No good cause has been shown to extend the case deadlines.[7]  The parties were

provided *a full year* to conduct discovery.[8]  Moreover, the claim at issue arises form a storm that

occurred well over four years ago.  Additional time is unwarranted.

Having waded through the mounds of material submitted with all of the motions to

compel, and after careful consideration, the court finds and orders as follows as to Plaintiff's

Motion to Compel [93]:

1.       As to all requests in the Motion [93], Plaintiff demands that Defendant produce

the person "most knowledgeable" as to each topic.  This is not required under the Federal Rules

of Civil Procedure and will not be required by the court.  The rules require the representative(s)

designated on the company's behalf to "testify about information known or reasonably available

to the organization."  *See* Fed. R. Civ. P. 30(b)(6).  Moreover, it is Defendant's choice to

designate its corporate representative(s) who consent to testify on its behalf.  *Id.*; *see also* 8A

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2103 (2d ed. 1994);

---

[6]The choice is made out of practical necessity and not to minimize or disregard the important good faith requirements of the local rules.  However, as chronicled in other orders in this matter, the parties have submitted well over one thousand pages of motions, briefs and other documents relating to discovery disputes just in the last few weeks.  *See* Order [128] at 1.  The time and resources devoted to discovery and discovery-related bickering in this matter are far out of proportion with, and greatly exceeds, what is reasonable and necessary to move this case forward to a resolution.

[7]Both the case management order [12] and the applicable rules require that motions to amend the Case Management Order be supported by good cause.  *See* Fed. R. Civ. P. 16 (b)(4).

[8]The Case Management Order [12] entered on February 12, 2009, set a discovery deadline of February 16, 2010.

*Ash v. Ford Motor Co.*, No. 2:06CV210-B-A, 2008 WL 1745545, at *3 (N.D. Miss. April 11,

2008) (citing *Poseidon Oil Pipeline Co., L.L.C., v. Transocean Sedco Forex, Inc* ., Nos.

Civ.A.00-760, 00-2154, 01-2642, 2002 WL 1919797, at *3 (E.D. La. Aug. 2002)) ("Because

Rule 30(b)(6) imposes on the organization the obligation to select the individual witness, the

party seeking discovery is not permitted to insist that it choose a specific person to testify unless

the person designated is an officer, director, or managing agent whom the corporation may be

required to produce under Rule 30(b)(1)."). Plaintiff cannot choose the corporate representative

for each topic. If Plaintiff desired to question specific individuals of his choosing about certain

topics, he could have noticed their individual depositions. To hold otherwise simply invites

additional disputes over who is "most knowledgeable." When required to submit to deposition

on a particular topic as set forth in this order, State Farm is obligated to tender a representative or

representatives to "testify about information known or reasonably available to the organization."[9]

The motion is denied to the extent that it attempts to require the Defendant to do or act

otherwise.

       2.      The motion is granted as to Requests Nos. 1 and 2. The requests call for

testimony identifying the person or persons who made the decision to deny or authorize payment

of Plaintiff's claims.

       3.      The motion is granted in part and denied in part as to Request No. 3. The topic is

too broad to expect the Defendant to have a representative prepared to address every possible

---

[9]*See* 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2103 (2009 Supp.) ("Not only must the organization designate a witness, but it is responsible also to prepare the witness to answer questions on the topics identified and present the organization's knowledge on those topics.").

aspect of the numerous defenses raised.  Certainly, Plaintiff is entitled to discover the facts

related to the reasons why his claim was paid or denied and to inquire as to facts supporting

particular defenses.  However, the topic does not address a particular defense or issue, leaving

Defendant to guess as to the area of inquiry.  Additionally, as phrased, the topic could invade the

attorney-client privilege as well as work product protections.  The Defendant will be required to

have a representative available to testify as to the facts supporting its decision to pay or deny the

claim at issue.  Otherwise, the motion is denied with respect to this request.  *See In re Indepen.*

*Serv. Org. Antitrust Litig.,* 168 F.R.D. 651, 654 (D.Kan. 1996) ("Although we have no quarrel

with CCS's contention that it has a right to discover the facts upon which Xerox will rely for its

defense and counterclaims, CCS's attempt to discover those facts through a Rule 30(b)(6)

deposition is overbroad, inefficient, and unreasonable. It also implicates serious privilege

concerns, and potential problems with confidential information under our earlier protective

order.").

       4.      The motion is granted as to Request No. 4.

       5.      The motion is granted in part and denied in part as to Request No. 5.  The request

is granted to the extent it seeks testimony concerning the identity of those persons who

participated in making any and all decisions on behalf of State Farm with regards to paying or

denying Plaintiff's claim.  Otherwise, the motion is denied with respect to this request.  State

Farm is not required to address how it is handling the defense of this case.

       6.      The motion is granted as to Request Nos. 6, 7, and 8.

       7.      The motion is granted in part and denied in part as to Request No. 9.  The request

is granted to the extent it seeks testimony not protected by the attorney/client privilege and/or the

work product doctrine.

8.      The motion is granted as to Request No. 10.  As the request only calls for the

identity of those who participated in or responded to Plaintiff's discovery requests (and not

attorney-client communications or attorney strategy), the privileges raised by State Farm are

inapplicable.

9.      The motion is granted in part and denied in part as to Request No. 11.  The

request is granted to the extent it seeks testimony concerning the facts to support Defendant's

answers given in its discovery responses.  Otherwise, the motion is denied with respect to this

request.

10.      The motion is granted in part and denied in part as to Request No. 12.  Without

identifying the standards involved or at issue, the request is unclear.  State Farm shall have a

representative available to testify as to the policies and procedures it followed in handling

Plaintiff's claim or which were applicable to its handling of Plaintiff's claim.  Otherwise, the

motion is denied as to this request.

11.      The motion is denied as to Request No. 13.  To the extent this request seeks

testimony regarding discovery responses, this topic was addressed under Request Nos. 10 and 11

above.

12.      The motion is granted as to Request No. 14.

13.      The motion is granted in part and denied in part as to Request No. 15.  The

request is granted to the extent it seeks testimony concerning documents produced with the claim

file.  Otherwise, the motion is denied as overly broad with respect to this request.

14.      The motion is denied as moot as to Request No. 16.  State Farm has agreed to

produce a corporate representative to testify as to Request No. 16. Further, the court agrees with State Farm that it is not required to produce a corporate representative who possesses a detailed knowledge of every document within the underwriting file.

15.    The motion is granted in part and denied in part as to Request No. 17. The request is granted to the extent it seeks testimony from a corporate representative with knowledge of the claims manuals, policies and procedures produced or ordered to be produced in this matter. Otherwise, the motion is denied with respect to this request.

16.    The motion is granted in part and denied in part as to Request No. 18. The request is granted to the extent it seeks testimony from a corporate representative with knowledge of the claims or training manuals, policies and procedures produced or ordered to be produced in this matter and the identity of the persons involved in the handling and adjustment of Plaintiff's claim. Otherwise, the motion is denied with respect to this request.

17.    The motion is granted in part and denied in part as to Request No. 19. The request is granted to the extent it seeks testimony from a corporate representative with knowledge of the claims or training manuals, policies and procedures produced or ordered to be produced in this matter, and with knowledge of financial or other incentives, if any, offered or available to adjusters who handled Plaintiff's claim. Otherwise, the motion is denied as overly broad with respect to this request.

18.    The motion is granted as to Request No. 20.

19.    The motion is granted in part and denied in part as to Request No. 21. The request is granted to the extent it seeks testimony from a corporate representative with general knowledge of the training manuals produced or ordered to be produced in this matter.

Otherwise, the motion is denied with respect to this request.

20.    The motion is granted in part and denied in part as to Request No. 22.  The request is granted to the extent it seeks testimony from a corporate representative with general knowledge of financial or other incentives offered to employees involved with the adjustment and/or handling of Plaintiff's claim.  Otherwise, the motion is denied with respect to this request.

21.    The motion is denied as to Request No. 23.  To the extent the request seeks testimony regarding property claim handling procedures for claims such as Plaintiff's, the court has already addressed this topic above.  *See also* Order [125] at ¶ 7.

22.    The motion is denied as to Request No. 24, which addresses Defendant's "tracking" of public complaints.

23.    The motion is granted in part and denied in part as to Request No. 25.  The request is granted to the extent it seeks testimony from a corporate representative with knowledge of the claims or training manuals, policies and procedures produced or ordered to be produced in this matter.  Otherwise, the motion is denied with respect to this request.

24.    The motion is denied as to Request No. 26.  To the extent it seeks testimony regarding the handling and adjustment of Plaintiff's claim, this has been addressed in numerous previous requests.

25.     The motion is granted in part and denied in part as to Request No. 27.  The request is granted to the extent it seeks testimony from a corporate representative regarding the identify of the persons involved in the handling of Plaintiff's claim, which has been addressed in several previous requests, and with general knowledge of how they fit within the company hierarchy.  Otherwise, the motion is denied with respect to this request.

26.     The motion is granted in part and denied in part as to Request No. 28.  The

request is granted to the extent it seeks testimony from a corporate representative regarding

claim committee meetings or other meetings which specifically addressed the handling and/or

adjustment of Plaintiff's claim.  Otherwise, the motion is denied with respect to this request.

27.     The motion is denied as to Request No. 29.  To the extent it seeks testimony

regarding policies and procedures for the handling and adjustment of Plaintiff's claim, this has

been addressed in previous requests.

28.     The motion is granted in part and denied in part as to Request No. 30.  The

request is granted to the extent it seeks testimony from a corporate representative to identify

"any insurance agreement under which an insurance business may be liable to satisfy all or part

of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy

the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv); *see also* Order [123].  Otherwise, the motion is

denied with respect to this request.

29.     The motion is granted in part and denied in part as to Request No. 31.  The

request is granted to the extent it seeks testimony from a corporate representative to identify any

award of punitive damages against Defendant arising out of a Hurricane Katrina claim in

Mississippi.  Defendant's representative shall be prepared to provide testimony as to the style of

the case and the specific court or jurisdiction.  Otherwise, the motion is denied with respect to

this request.

30.     The motion is denied as to Request No. 32.  Plaintiff has failed to show how the

requested testimony may be relevant to his particular claims.

31.     The motion is denied as to Request No. 33.

32.     The motion is denied as to Request No. 34.  This request is duplicative and has been addressed under several other requests above.

33.     The motion is granted in part and denied in part as to Request No. 35.  The request is granted to the extent it seeks testimony from a corporate representative with knowledge of how records are or were kept with respect to Plaintiff's claim and whether any records regarding Plaintiff's claim were destroyed.  Otherwise, the motion is denied with respect to this request.

34.     The motion is denied as to Request No. 36.

35.     The motion is granted in part and denied in part as to Request No. 37.  The request is granted to the extent it seeks testimony from a corporate representative to identify any judgment against Defendant arising out of a Hurricane Katrina claim in Mississippi. Defendant's representative shall be prepared to provide testimony as to the style of the case and the specific court or jurisdiction.  Otherwise, the motion is denied with respect to this request.

36.     The motion is denied as to Request No. 38.  This request is duplicative and has been addressed under several other requests above.

37.     The motion is granted in part and denied in part as to Request No. 39.  The request is granted to the extent it seeks testimony from a corporate representative with general knowledge of the relationships, if any, between State Farm and the named individuals or entities. Otherwise, the motion is denied with respect to this request.

38.     The motion is denied as to Request No. 40.  This request is duplicative and has was addressed under Request No. 39 above.

39.     The motion is granted in part and denied in part as to Request No. 41.  The

request is granted to the extent it seeks testimony from a corporate representative to identify the

licenses issued by the State of Mississippi, if any, held by any of the adjusters involved in

Plaintiff's claim.  Otherwise, the motion is denied with respect to this request.

40.    The motion is denied as overly broad as to Request Nos. 42-48.  The court has

addressed State Farm's record keeping relating to Plaintiff's claim in Request No. 35 above.

Further, Plaintiff provides no real basis for the requests.  Nothing submitted by Plaintiff suggests

that Defendant has failed to produce records or which otherwise justifies an effort to conduct

additional electronic discovery at the discovery deadline.

41.    The motion is granted in part and denied in part as to Request No. 49.  The

request is granted to the extent it seeks testimony from a corporate representative with

knowledge of the interpretation of codes used on State Farm's documents.  Otherwise, the

motion is denied with respect to this request.

42.    The motion is denied as to Request No. 50.

43.    The motion is denied as to Request No. 51.

44.    The motion is granted as to document Request Nos. 1 and 2, as Defendant

asserted no objection in its response.

45.     The motion is denied as to document Request No. 3.  Given the massive

volume of documents produced and/or ordered to be produced by Defendant, it would be unduly

burdensome to require the corporate representative to bring the originals of all the documents to

the deposition.  The court finds this request to be unreasonable and unnecessary, as Plaintiff has

shown no real need for the original documents.

46.    Plaintiff's request for a sixty-day extension of the discovery deadline is denied.

As set forth above, the parties were afforded a full year to conduct discovery.  This time period

has been more than sufficient to conduct reasonable discovery and to resolve any good-faith

discovery disputes.  The parties must complete all discovery, including Defendant's Rule

30(b)(6) deposition, by the discovery deadline of February 16, 2010, as previously set by the

court.

        47.     Any other relief requested in the Plaintiff's Motion [93] is denied.

        48.     Defendant's Motion [130] for Protective Order is granted in part and denied in

part as set forth above.

        SO ORDERED this the 1st day of February, 2010.


                                      s/ Michael T. Parker
                                      United States Magistrate Judge