**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**RAYMOND LIZANA**                                                              **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 1:08cv501-LTS-MTP**

**STATE FARM FIRE & CASUALTY COMPANY**                          **DEFENDANT**

## <u>ORDER</u>

This matter is before the court on the Plaintiff's Motion [93] to Compel Rule 30(b)(6) Deposition and the Defendant's Motion [130] for Protective Order. The court, having considered the motions, finds that they should be granted in part and denied in part.

The instant Motion to Compel [93] is yet another motion in Plaintiff's series of last-minute motions to compel discovery filed in this action by a policy-holder for damages to his property resulting from Hurricane Katrina. From the standpoint of the issues raised in the complaint, this case is unremarkable. It raises issues that have been before the court in scores of other cases and, accordingly, involves discovery issues raised and addressed in other cases.[1]

Plaintiff filed his initial Notice of Rule 30(b)(6) video deposition of State Farm Fire and Casualty Company ("State Farm") [49] and issuance of deposition subpoenas duces tecum on October 30, 2009, with depositions scheduled for December 14, 2009 and December 15, 2009. The Notice [49] of Rule 30(b)(6) deposition for State Farm contained some 65 separate itemized topics and scores of subparts. The notice was facially unreasonable and vexatious and the deposition was set on a day arbitrarily chosen by Plaintiff. In response, Defendant filed a Motion [56] for Protective Order, seeking to limit the areas of inquiry in the depositions to

---

[1] While the issues raised herein are common to many cases, the devastation caused by the storm was of historic proportions and the hardships suffered by so many cannot be overstated.

policies and procedures directly related to its adjustment of Plaintiff's claim, and presenting objections to particular topics it contends exceed the bounds of discovery regarding Plaintiff's claim.

The court granted Defendant's Motion [56], finding that the best course of action was to require Plaintiff to review the court's Orders [200, 228, 231] in *Marion v. State Farm*, No. 1:06cv969-LTS-RHW, and the court's Order [117] in *Perkins v. State Farm*, No. 1:07cv116-LTS-RHW, regarding the appropriate scope of reasonable discovery, and to revise and confine his notice of deposition in this case to areas of inquiry which relate to the specific claims in his complaint consistent with the court's prior rulings in *Marion* and *Perkins*.[2] The court also directed Plaintiff, after reviewing the orders, to confer with defense counsel in a good faith effort to agree on the scope of the depositions. The court anticipated that such a process would resolve many of the issues involved or a least narrow the areas of dispute to a few discrete issues.

Rather than confer in good faith, the parties apparently exchanged "position letters" and the instant motions followed.[3] In the instant or second Motion [93] to Compel Rule 30(b)(6) Deposition of State Farm, filed on December 30, 2009, Plaintiff states that the parties have been unable to agree as to the scope of the topics at issue after reviewing the *Marion* and *Perkins* orders referenced above. This second motion to compel is accompanied by a good faith

---

[2]This finding was consistent with the reasoning set forth in U.S. Magistrate Judge Robert Walker's Order [68] in the *New Light Baptist Church* case, a Katrina case involving the same law firms in this matter. *See New Light Baptist Church v. State Farm Fire & Casualty Co.*, No. 1:08-cv-560-HSO-RHW, Order [68].

[3]*See*, *e.g.*, Ex. A to Response [129].

certificate of Plaintiff's choosing and not the one required by Local Uniform Civil Rule 37(a).[4] The substitute certificate does not contain the signatures of all counsel or explain in an affidavit what prevented a proper certificate from being obtained. Rather, the certificate contains the observation that the parties could not agree on the scope of inquiry and the application of this court's prior orders on discovery issues in this case. Neither the certificate nor the motion reveals the specifics of the disagreement so that the court might confine itself to those issues. Instead, after paying lip service to the good faith requirement, Plaintiff plows into an argument over every single topic in the new, but unfortunately not much improved, 51-topic Rule 30(b)(6) deposition notice at issue. Apparently, common ground could not be found on any one of the 51 proposed deposition topics.

Not to be outdone, State Farm has filed a Motion for Protective Order [130] to limit the scope of the deposition. It unilaterally excuses itself from the requirement of a good faith certificate as required by L.U. Civ. R. 37. No certificate or affidavit of any kind is attached to the motion, although State Farm does attach letters indicating that it, too, "nodded" at the good faith requirements of the local rules by simply restating portions of the court's prior orders in a letter.[5] With the discovery deadline of February 16, 2010 looming, the court is faced with the choice of further delaying this matter by ordering a good faith conference to address the issues or to craft a ruling now that will allow a deposition to be completed within the present discovery

---

[4]This motion could be denied on that basis alone pursuant to L.U. Civ. R. 37(c).

[5]In its response State Farm complained that Plaintiff gave only a "nod" to the good faith requirements. *See* Response [129] at 2.

deadline and the issues to be tried as scheduled. The court reluctantly chooses the latter.[6]

In so choosing, the court denies Plaintiff's request to extend the discovery deadline by sixty days. No good cause has been shown to extend the case deadlines.[7] The parties were provided *a full year* to conduct discovery.[8] Moreover, the claim at issue arises form a storm that occurred well over four years ago. Additional time is unwarranted.

Having waded through the mounds of material submitted with all of the motions to compel, and after careful consideration, the court finds and orders as follows as to Plaintiff's Motion to Compel [93]:

1. As to all requests in the Motion [93], Plaintiff demands that Defendant produce the person "most knowledgeable" as to each topic. This is not required under the Federal Rules of Civil Procedure and will not be required by the court. The rules require the representative(s) designated on the company's behalf to "testify about information known or reasonably available to the organization." *See* Fed. R. Civ. P. 30(b)(6). Moreover, it is Defendant's choice to designate its corporate representative(s) who consent to testify on its behalf. *Id.*; *see also* 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2103 (2d ed. 1994);

---

[6]The choice is made out of practical necessity and not to minimize or disregard the important good faith requirements of the local rules. However, as chronicled in other orders in this matter, the parties have submitted well over one thousand pages of motions, briefs and other documents relating to discovery disputes just in the last few weeks. *See* Order [128] at 1. The time and resources devoted to discovery and discovery-related bickering in this matter are far out of proportion with, and greatly exceeds, what is reasonable and necessary to move this case forward to a resolution.

[7]Both the case management order [12] and the applicable rules require that motions to amend the Case Management Order be supported by good cause. *See* Fed. R. Civ. P. 16 (b)(4).

[8]The Case Management Order [12] entered on February 12, 2009, set a discovery deadline of February 16, 2010.

*Ash v. Ford Motor Co.*, No. 2:06CV210-B-A, 2008 WL 1745545, at *3 (N.D. Miss. April 11, 2008) (citing *Poseidon Oil Pipeline Co., L.L.C., v. Transocean Sedco Forex, Inc*., Nos. Civ.A.00-760, 00-2154, 01-2642, 2002 WL 1919797, at *3 (E.D. La. Aug. 2002)) ("Because Rule 30(b)(6) imposes on the organization the obligation to select the individual witness, the party seeking discovery is not permitted to insist that it choose a specific person to testify unless the person designated is an officer, director, or managing agent whom the corporation may be required to produce under Rule 30(b)(1)."). Plaintiff cannot choose the corporate representative for each topic. If Plaintiff desired to question specific individuals of his choosing about certain topics, he could have noticed their individual depositions. To hold otherwise simply invites additional disputes over who is "most knowledgeable." When required to submit to deposition on a particular topic as set forth in this order, State Farm is obligated to tender a representative or representatives to "testify about information known or reasonably available to the organization."[9] The motion is denied to the extent that it attempts to require the Defendant to do or act otherwise.

2. The motion is granted as to Requests Nos. 1 and 2. The requests call for testimony identifying the person or persons who made the decision to deny or authorize payment of Plaintiff's claims.

3. The motion is granted in part and denied in part as to Request No. 3. The topic is too broad to expect the Defendant to have a representative prepared to address every possible

---

[9] *See* 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2103 (2009 Supp.) ("Not only must the organization designate a witness, but it is responsible also to prepare the witness to answer questions on the topics identified and present the organization's knowledge on those topics.").

aspect of the numerous defenses raised.  Certainly, Plaintiff is entitled to discover the facts related to the reasons why his claim was paid or denied and to inquire as to facts supporting particular defenses.  However, the topic does not address a particular defense or issue, leaving Defendant to guess as to the area of inquiry.  Additionally, as phrased, the topic could invade the attorney-client privilege as well as work product protections.  The Defendant will be required to have a representative available to testify as to the facts supporting its decision to pay or deny the claim at issue.  Otherwise, the motion is denied with respect to this request.  *See In re Indepen. Serv. Org. Antitrust Litig.,* 168 F.R.D. 651, 654 (D.Kan. 1996) ("Although we have no quarrel with CCS's contention that it has a right to discover the facts upon which Xerox will rely for its defense and counterclaims, CCS's attempt to discover those facts through a Rule 30(b)(6) deposition is overbroad, inefficient, and unreasonable. It also implicates serious privilege concerns, and potential problems with confidential information under our earlier protective order.").

    4.    The motion is granted as to Request No. 4.

    5.    The motion is granted in part and denied in part as to Request No. 5.  The request is granted to the extent it seeks testimony concerning the identity of those persons who participated in making any and all decisions on behalf of State Farm with regards to paying or denying Plaintiff's claim.  Otherwise, the motion is denied with respect to this request.  State Farm is not required to address how it is handling the defense of this case.

    6.    The motion is granted as to Request Nos. 6, 7, and 8.

    7.    The motion is granted in part and denied in part as to Request No. 9.  The request is granted to the extent it seeks testimony not protected by the attorney/client privilege and/or the

work product doctrine.

8. The motion is granted as to Request No. 10. As the request only calls for the identity of those who participated in or responded to Plaintiff's discovery requests (and not attorney-client communications or attorney strategy), the privileges raised by State Farm are inapplicable.

9. The motion is granted in part and denied in part as to Request No. 11. The request is granted to the extent it seeks testimony concerning the facts to support Defendant's answers given in its discovery responses. Otherwise, the motion is denied with respect to this request.

10. The motion is granted in part and denied in part as to Request No. 12. Without identifying the standards involved or at issue, the request is unclear. State Farm shall have a representative available to testify as to the policies and procedures it followed in handling Plaintiff's claim or which were applicable to its handling of Plaintiff's claim. Otherwise, the motion is denied as to this request.

11. The motion is denied as to Request No. 13. To the extent this request seeks testimony regarding discovery responses, this topic was addressed under Request Nos. 10 and 11 above.

12. The motion is granted as to Request No. 14.

13. The motion is granted in part and denied in part as to Request No. 15. The request is granted to the extent it seeks testimony concerning documents produced with the claim file. Otherwise, the motion is denied as overly broad with respect to this request.

14. The motion is denied as moot as to Request No. 16. State Farm has agreed to

produce a corporate representative to testify as to Request No. 16. Further, the court agrees with State Farm that it is not required to produce a corporate representative who possesses a detailed knowledge of every document within the underwriting file.

15.     The motion is granted in part and denied in part as to Request No. 17. The request is granted to the extent it seeks testimony from a corporate representative with knowledge of the claims manuals, policies and procedures produced or ordered to be produced in this matter. Otherwise, the motion is denied with respect to this request.

16.     The motion is granted in part and denied in part as to Request No. 18. The request is granted to the extent it seeks testimony from a corporate representative with knowledge of the claims or training manuals, policies and procedures produced or ordered to be produced in this matter and the identity of the persons involved in the handling and adjustment of Plaintiff's claim. Otherwise, the motion is denied with respect to this request.

17.     The motion is granted in part and denied in part as to Request No. 19.   The request is granted to the extent it seeks testimony from a corporate representative with knowledge of the claims or training manuals, policies and procedures produced or ordered to be produced in this matter, and with knowledge of financial or other incentives, if any, offered or available to adjusters who handled Plaintiff's claim. Otherwise, the motion is denied as overly broad with respect to this request.

18.     The motion is granted as to Request No. 20.

19.     The motion is granted in part and denied in part as to Request No. 21. The request is granted to the extent it seeks testimony from a corporate representative with general knowledge of the training manuals produced or ordered to be produced in this matter.

Otherwise, the motion is denied with respect to this request.

20. The motion is granted in part and denied in part as to Request No. 22. The request is granted to the extent it seeks testimony from a corporate representative with general knowledge of financial or other incentives offered to employees involved with the adjustment and/or handling of Plaintiff's claim. Otherwise, the motion is denied with respect to this request.

21. The motion is denied as to Request No. 23. To the extent the request seeks testimony regarding property claim handling procedures for claims such as Plaintiff's, the court has already addressed this topic above. *See also* Order [125] at ¶ 7.

22. The motion is denied as to Request No. 24, which addresses Defendant's "tracking" of public complaints.

23. The motion is granted in part and denied in part as to Request No. 25. The request is granted to the extent it seeks testimony from a corporate representative with knowledge of the claims or training manuals, policies and procedures produced or ordered to be produced in this matter. Otherwise, the motion is denied with respect to this request.

24. The motion is denied as to Request No. 26. To the extent it seeks testimony regarding the handling and adjustment of Plaintiff's claim, this has been addressed in numerous previous requests.

25. The motion is granted in part and denied in part as to Request No. 27. The request is granted to the extent it seeks testimony from a corporate representative regarding the identify of the persons involved in the handling of Plaintiff's claim, which has been addressed in several previous requests, and with general knowledge of how they fit within the company hierarchy. Otherwise, the motion is denied with respect to this request.

26. The motion is granted in part and denied in part as to Request No. 28. The request is granted to the extent it seeks testimony from a corporate representative regarding claim committee meetings or other meetings which specifically addressed the handling and/or adjustment of Plaintiff's claim. Otherwise, the motion is denied with respect to this request.

27. The motion is denied as to Request No. 29. To the extent it seeks testimony regarding policies and procedures for the handling and adjustment of Plaintiff's claim, this has been addressed in previous requests.

28. The motion is granted in part and denied in part as to Request No. 30. The request is granted to the extent it seeks testimony from a corporate representative to identify "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv); *see also* Order [123]. Otherwise, the motion is denied with respect to this request.

29. The motion is granted in part and denied in part as to Request No. 31. The request is granted to the extent it seeks testimony from a corporate representative to identify any award of punitive damages against Defendant arising out of a Hurricane Katrina claim in Mississippi. Defendant's representative shall be prepared to provide testimony as to the style of the case and the specific court or jurisdiction. Otherwise, the motion is denied with respect to this request.

30. The motion is denied as to Request No. 32. Plaintiff has failed to show how the requested testimony may be relevant to his particular claims.

31. The motion is denied as to Request No. 33.

32. The motion is denied as to Request No. 34. This request is duplicative and has been addressed under several other requests above.

33. The motion is granted in part and denied in part as to Request No. 35. The request is granted to the extent it seeks testimony from a corporate representative with knowledge of how records are or were kept with respect to Plaintiff's claim and whether any records regarding Plaintiff's claim were destroyed. Otherwise, the motion is denied with respect to this request.

34. The motion is denied as to Request No. 36.

35. The motion is granted in part and denied in part as to Request No. 37. The request is granted to the extent it seeks testimony from a corporate representative to identify any judgment against Defendant arising out of a Hurricane Katrina claim in Mississippi. Defendant's representative shall be prepared to provide testimony as to the style of the case and the specific court or jurisdiction. Otherwise, the motion is denied with respect to this request.

36. The motion is denied as to Request No. 38. This request is duplicative and has been addressed under several other requests above.

37. The motion is granted in part and denied in part as to Request No. 39. The request is granted to the extent it seeks testimony from a corporate representative with general knowledge of the relationships, if any, between State Farm and the named individuals or entities. Otherwise, the motion is denied with respect to this request.

38. The motion is denied as to Request No. 40. This request is duplicative and has was addressed under Request No. 39 above.

39. The motion is granted in part and denied in part as to Request No. 41. The

request is granted to the extent it seeks testimony from a corporate representative to identify the licenses issued by the State of Mississippi, if any, held by any of the adjusters involved in Plaintiff's claim. Otherwise, the motion is denied with respect to this request.

40. The motion is denied as overly broad as to Request Nos. 42-48. The court has addressed State Farm's record keeping relating to Plaintiff's claim in Request No. 35 above. Further, Plaintiff provides no real basis for the requests. Nothing submitted by Plaintiff suggests that Defendant has failed to produce records or which otherwise justifies an effort to conduct additional electronic discovery at the discovery deadline.

41. The motion is granted in part and denied in part as to Request No. 49. The request is granted to the extent it seeks testimony from a corporate representative with knowledge of the interpretation of codes used on State Farm's documents. Otherwise, the motion is denied with respect to this request.

42. The motion is denied as to Request No. 50.

43. The motion is denied as to Request No. 51.

44. The motion is granted as to document Request Nos. 1 and 2, as Defendant asserted no objection in its response.

45. The motion is denied as to document Request No. 3. Given the massive volume of documents produced and/or ordered to be produced by Defendant, it would be unduly burdensome to require the corporate representative to bring the originals of all the documents to the deposition. The court finds this request to be unreasonable and unnecessary, as Plaintiff has shown no real need for the original documents.

46. Plaintiff's request for a sixty-day extension of the discovery deadline is denied.

As set forth above, the parties were afforded a full year to conduct discovery. This time period has been more than sufficient to conduct reasonable discovery and to resolve any good-faith discovery disputes. The parties must complete all discovery, including Defendant's Rule 30(b)(6) deposition, by the discovery deadline of February 16, 2010, as previously set by the court.

     47.    Any other relief requested in the Plaintiff's Motion [93] is denied.

     48.    Defendant's Motion [130] for Protective Order is granted in part and denied in part as set forth above.

     SO ORDERED this the 1st day of February, 2010.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge